■ ALLEN LITKE, Respondent, v. TRAVELERS INSURANCE COMPANY, Appellant.— Order, Appellate Term, First Department, entered October 25, 1973, affirming a judgment of the Civil Court, New York County, entered in favor of plaintiff, after a jury trial, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. In view of the verdict of the jury we must assume that it was found as a fact that a burglary had indeed taken place. Certainly it was within the jury's province to arrive at this determination. That being so, we can see no justification to interfere with the judgment. Concur—Markewich, J. P., Murphy and Capozzoli, JJ.; Nunez and Steuer, JJ., dissent in the following memorandum by Steuer, J.: In this action on a burglary insurance policy we find the sequence of events encompassing the alleged burglary to be so bizarre that it challenges credulity. Coupled with this is a claim of loss that can only be described as fantastic. The value of the items was established solely by plaintiff's testimony of what he paid for them, without any supporting invoices or other documentary evidence. Further doubt is cast upon the claim by the fact that plaintiff's resources and income gave no clue as to how these articles could possibly have been purchased at the prices testified to and, in fact, negated such a possibility. We are mindful that this presented a jury question, but we are also aware that, where the testimony presents a situation that is virtually a physical impossibility, we are required to set aside the jury's finding. We would reverse and order a new trial.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES DUNSON, Appellant.— Judgment, Supreme Court, New York County, rendered September 7, 1972, after a jury trial, insofar as it imposes sentence, unanimously reversed, on the law, and the case remanded to the Criminal Term of the Supreme Court, New York County, for resentencing; and otherwise affirmed. The record indicates that at the time of sentencing, the court failed to comply with the mandatory provisions of CPL 380.50 in not affording defendant the right to make a statement personally in his behalf and in not inquiring of defendant whether he wished to make such a statement. Failure to comply with CPL 380.50 constituted error requiring that defendant be remanded for resentence. (See *People* v. *Lotz,* 42 A D 2d 900, and cases cited therein.) Concur—Markewich, J. P., Kupferman, Lupiano, Tilzer and Lane, JJ.

■ DI ANN GROSS, Respondent-Appellant, v. ALAN B. GROSS, Appellant-Respondent.— Order of Supreme Court, New York County, entered November 26, 1973, which awarded temporary alimony to plaintiff and denied her application for a counsel fee with leave to renew before the trial court, unanimously affirmed, without costs and without disbursements. We again point out that any seeming inequity in a temporary order for alimony, based on conflicting affidavits, is to be remedied by a speedy trial, where the true facts as to the finances and standard of living of the parties can be ascertained. Moreover, in affirming the award herein, this court does not indicate any opinion as to what permanent alimony should be; and the temporary award should have no effect upon the Trial Judge in the determination as to whether permanent alimony should be awarded or the amount thereof. Concur—Markewich, J. P., Kupferman, Lupiano, Tilzer and Lane, JJ.