Abraham J. Gellinoff, J.
At issue in this action for a declaratory judgment is the validity of the separation agreement between the parties to the extent that it provides, in subdivision (e) of section 4, that: "If the Wife should ever institute a legal proceeding in her own behalf or in behalf of the children by which she seeks to increase the aforesaid monthly payments for the support and maintenance of the children, she agrees to a reduction in the payments made to her hereunder for her support and maintenance by an amount equal to the total increase obtained for the children.”
The agreement also provided for alimony of $325 per month and child support of $510 per month until the two children of the parties reach their majority, become self-supporting, or die. The agreement further provided that it may be modified only by writing and that "no waiver of any of the terms of this agreement, unless signed by the parties, shall be deemed effective.” Finally, the parties agreed that, "In the event a divorce is obtained, the provisions of this agreement shall neither be incorporated into nor merged with said decree or judgment of divorce, and this agreement shall, in addition, survive such decree.”
The day after the agreement was executed, plaintiff husband obtained a divorce in Mexico. The divorce decree purports to incorporate and approve the terms of the separation agreement.
In June, 1975, defendant applied to the Family Court of this county for an increase in child support. The court (Shorter, J.), noting that "the principal assets of Carl Pellman have *253 increased from less than $10,000 during the early days of the marriage to approximately $376,000 current,” that his income "at this time is in the range of $150,000 to $170,000” annually, and that the needs of the children had increased, determined that total child support payments should be $900 per month, together with certain additional payments.
Plaintiff has been making child support payments in accordance with the Family Court judgment, but, relying on subdivision (e) of section 4 of the separation agreement, he has ceased making any alimony payments. Upon defendant’s threat to commence proceedings to enforce her right to alimony, plaintiff himself commenced this action for a judgment declaring subdivision (e) of section 4 valid and binding. Defendant has counterclaimed for a judgment declaring that the section is invalid and for alimony arrears and counsel fees. In the motions now before the court, both sides seek summary judgment.
The law does not construe separation agreements by the same rules it applies to other contracts. The parties to separation agreements do not have absolute freedom to contract, for the subject matter of their agreements is the marital relation, in which the State has an especial interest. Thus, the parties to a marriage may not by contract alter or dissolve the marriage, and, as pertinent here, they may not contract "to relieve the husband from his liability to support his wife” (General Obligations Law, § 5-311).
The prohibition of the statute is not confined solely to agreements purporting to entirely eliminate alimony. As then Judge Fuld wrote for the Court of Appeals in Haas v Haas (298 NY 69, 72): "This court has ever been alert 'to enforce that statute and to strike down any agreement fairly within its intendment.’ * * * However artful the terms of the agreement, however veiled the design to terminate the husband’s obligation, contrary to the mandate of section 51 [the predecessor of section 5-311], the attempts are doomed to failure. Thus, a husband may not purchase enduring exemption either by payment of a lump sum * * * or by payments of installments over a limited period of years. * * * And an agreement will be stricken that either calls for support only until a child of the marriage becomes twenty-one or sooner marries or dies * * * or excuses such support 'due to the fact’ that the wife 'is gainfully employed and agrees * * * to maintain and support herself * * * or requires the wife to 'assume and pay all the *254 expenses of supporting the family.’ ” In Haas, the challenged agreement provided that the wife’s right to alimony would be "suspended” during any time that she competed with the husband’s business. The court struck down the provision as violative of the statute, holding that (p 73): "Whatever may be the amount which represents the fair measure of support owed by husband to wife in any particular case, it is evident that its payment may not be made to depend entirely upon the subsequent conduct of the wife, at least when not fairly or reasonably related to the marriage relationship”.
Subdivision (e) of section 4 of the instant agreement is even more repugnant to public policy than the provision found invalid in Haas. For not only does this section purport to base a reduction in support payments for defendant on subsequent conduct not fairly or reasonably related to the marriage relationship, but it punishes her financially for attempting to secure more reasonable support for the parties’ children. Thus, subdivision (e) of section 4 both attempts to relieve plaintiff of a portion of his obligation to support defendant, and, additionally, seeks, at least indirectly, to minimize bis obligation to support his children. This the parties may not by contract accomplish (Moat v Moat, 27 AD2d 895, 896; Matter of "Smith” v "Jones”, 43 Misc 2d 350, 353).
The arguments essayed by plaintiff in support of the validity of subdivision (e) of section 4, and of defendant’s inability to challenge it, are insubstantial.
On the merits, plaintiff urges only that subdivision (e) of section 4 does not relieve him of his obligation to pay alimony, but merely "reallocates” the total sum payable for support. This semantic exercise does not persuade. The section does not merely reallocate payments; it reduces or entirely eliminates alimony in the event defendant’s claim for additional child support is upheld by a court.
Finally, plaintiff asserts that defendant is barred from challenging subdivision (e) of section 4, arguing that the Mexican divorce decree is res judicata, and may not be relitigated here, and that, having accepted the benefits of the separation agreement for seven years, defendant has waived any challenge to its validity. These arguments, too, are merit-less.
In urging the res judicata effect of the Mexican judgment, plaintiff is attempting to secure an advantage from his own breach of the separation agreement. For, but one day after *255 executing an agreement by which he bound himself not to incorporate the agreement in a divorce decree, plaintiff obtained such a decree, incorporating the agreement. But apart from the soiled hands of the equity seeking plaintiff, the court is not precluded by the Mexican judgment from finding subdivision (e) section 4 void as repugnant to public policy. The cases relied on by plaintiff in urging that the Mexican decree is unassailable relate to agreements properly incorporated in a decree, but later challenged as having been unlawfully made to procure the divorce (see Neuman v Neuman, 44 Misc 2d 232, 234; Fink v Goldblatt, 13 NY2d 957). Where, as here, the parties have stipulated that the agreement not be incorporated or merged in a subsequent divorce decree, the decree does not bar challenge to the agreement itself (see Flood v Thiesing, 273 App Div 548, 550, affd 298 NY 700; Lappert v Lappert, 20 NY2d 364, 369).
Nor has defendant waived her right to challenge the legality of subdivision (e) of section 4 merely by accepting the benefits of the agreement in the past. For that section had no impact upon her until she obtained an increase in support for her children in Family Court, whereupon she promptly asserted her rights, and this litigation ensued.
Accordingly, defendant is entitled to a judgment declaring subdivision (e) of section 4 of the separation agreement null and void, and to a judgment for the accumulated arrears in alimony payments. She is not, however, entitled to a counsel fee in this action. An action to determine the validity of a separation agreement is not a matrimonial action within the scope of section 237 of the Domestic Relations Law, therefore counsel fees may not be awarded (Johnson v Johnson, 206 NY 561; Moat v Moat, supra, p 897).