■ HARRIS J. KLEIN, Appellant, v ESTHER KLEIN, Respondent.—Order, Supreme Court, New York County, entered July 30, 1976, granting judgment to defendant of $1,400 alimony arrears and directing the plaintiff to continue to pay $425 per week in alimony pending a Special Referee's report on plaintiff's application for a downward modification of the weekly alimony, modified, in the exercise of discretion, to the extent of reducing the alimony award to $300 per week, pending the Referee's report and the determination of the modification application by Special Term, and, as so modified, affirmed, without costs and without disbursements. The parties were married in 1930 and were separated in 1945. In 1957, the wife, defendant herein, was granted a judgment of separation from plaintiff and she was awarded $425 per week in alimony. In 1971, the judgment of separation provided the basis for a judgment of divorce. From 1957 until March 24, 1976 plaintiff paid defendant $425 per week. Plaintiff, once a prominent and financially successful businessman and attorney, now 70

years old, began to suffer financial reverses due to the onset of severe illness. After March 24, 1976, plaintiff paid only $225 per week in alimony. Defendant moved for a judgment for arrears and plaintiff cross-moved for a downward modification. The court below ordered a reference on the issue but directed continuation of the $425 alimony pending the Referee's report. On September 2, 1976 this court granted plaintiff an interim stay on condition that he pay $300 per week pending determination of the appeal. By the papers submitted on appeal, plaintiff has made a prima facie showing that his financial situation has grossly changed; defendant has not demonstrated an absolute need for the full $425 per week. Nor does defendant seriously contest plaintiff's claim of financial and physical deterioration, claiming only that relief is premature. That is not so. Section 246 of the Domestic Relations Law grants to the Supreme Court the power to modify an alimony judgment pending reference. We find that on this record an interim reduction in alimony payments is appropriate. Our decision is based solely upon the papers before us and is not meant to influence the Referee or Special Term in the disposition of the pending motion on the merits. Concur—Kupferman, J. P., Birns, Silverman and Nunez, JJ.; Murphy, J., dissents in the following memorandum: The plaintiff has been paying $425 a week alimony since 1957. He now alleges instances of lost income and, without revealing his entire financial picture, asks the court to conclude that he is unable to continue the payments. The court below referred to a Special Referee "the issue relating to his financial circumstances" and with this the majority concurs. Implicit in that finding is that the record now presented is inadequate to determine whether the plaintiff's contentions have merit. In spite of this, an arbitrary reduction to $300 per week is granted. It should be noted that the plaintiff admitted to income in 1975 of $260,000 and $52,000 in 1976, which does not include income from investments. Nor does it appear his standard of living has declined. With the hearing before the Special Referee now imminent, which may or may not bear out plaintiff's allegations, the initial award (which has really shrunk in value over the past 20 years) should remain pending a complete record. I would therefore affirm *in toto* the order of July 30, 1976.