CARL M. PELLMAN, Appellant-Respondent, v RENEE G. PELL-MAN, Respondent-Appellant.

First Department, November 15, 1977

**APPEARANCES OF COUNSEL**

*Robert L. Tofel* of counsel *(David J. Rosen* and *Jeffrey Olanoff* with him in the brief; *Fine, Tofel, Saxl & Berelson,* attorneys), for appellant-respondent.

*Myrna Felder (Milton L. Rein* with her on the brief), attorney for respondent-appellant.

**OPINION OF THE COURT**

KUPFERMAN, J. P.

The plaintiff former husband entered into a separation agreement with his former wife, the defendant, to provide alimony in the amount of $325 per month and child support in the amount of $510 per month.

The parties were married in 1957 and have two children. There was a unique provision in the separation agreement to the effect that if the wife obtains an order increasing child support, she thereby "agrees to a reduction in the payments made to her hereunder for her support and maintenance by an amount equal to the total increase obtained for the children." It was further provided that the agreement would

survive any divorce decree. The husband thereafter procured a Mexican divorce.

Shortly thereafter, the wife applied for and obtained an increase for the support of the children to $450 per child for a total of $900 per month. Under the provision quoted above, this increase in child support of $390 per month effectively wiped out any provision for alimony. The husband seeks in this action a declaration to the effect that the limitation is valid, while the wife asks for enforcement of the alimony provision of the agreement.

The court at Special Term granted the defendant's motion for summary judgment, denied the plaintiff's cross motion for summary judgment, declared the relevant portion of the separation agreement to be null and void, and directed that the defendant have judgment for arrears in alimony.

■ Section 5-311 of the General Obligations Law provides that a husband and wife cannot contract to relieve one from liability to support the other. The ingenious provision in this separation agreement has that effect. In *Haas v Haas* (298 NY 69) where the separation agreement provided that the wife's right to alimony would be "suspended" during any time that she competed with her husband's business, the court determined that the provision relieved the defendant of his duty to support and, therefore, violated "the letter and spirit" of the then equivalent provision, section 51 of the Domestic Relations Law. (See 2 Foster-Freed, Law and the Family, Separation Agreements, § 28:21, p 409.)

■ While the separation agreement contains a saving clause to the effect that the invalidity of any provision shall not affect the validity of any other provision of the agreement, we are of the opinion that the financial result of our determination so intrudes upon the essence of the agreement, that we must consider whether the provision for alimony may remain inviolate.

■ It is contended that the former wife has a substantial income as a psychotherapist. It has recently been determined that a husband and wife are both obligated for the support of children *(Matter of Carter v Carter,* 58 AD2d 438; *Lea v Lea,* 59 AD2d 277; *Tessler v Siegel,* 59 AD2d 846; *Stern v Stern,* 59 AD2d 857).

The husband is entitled to a hearing on the merits as to the wife's right to alimony where she may be substantially self-supporting, and he supports the children.

Accordingly, the amended order and judgment (one paper) of the Supreme Court, New York County (GELLINOFF, J.) entered on August 18, 1976, should be modified, on the law, to strike the first and third decretal paragraphs thereof, and to deny summary judgment to the defendant on the arrears of alimony, without costs, and should be remanded for a hearing on the merits of the defendant's right to alimony, and otherwise affirmed insofar as said amended order and judgment is appealed from.

BIRNS, SILVERMAN and LANE, JJ., concur.

Amended order and judgment (one paper), Supreme Court, New York County, entered on August 18, 1976, so far as appealed from, unanimously modified, on the law, to strike the first and third decretal paragraphs thereof, and to deny summary judgment to the defendant on the arrears of alimony, and remand for a hearing on the merits of defendant's right to alimony and otherwise affirmed, without costs and without disbursements.