■ ELAINE A. MACKEN, Respondent, v DANIEL L. MACKEN, Appellant.—Order, Supreme Court, New York County, entered November 29, 1977, which awarded plaintiff-respondent temporary alimony in the sum of $200 per week and directed that defendant-appellant provide child support in the sum of $300 per week, unanimously modified, on the law and the facts and in the exercise of discretion, to eliminate the provision for alimony, retroactive to February 2, 1978, and otherwise affirmed, without costs and without disbursements. Appeal from order of the same date, which denied defendant-appellant's cross motion for the return of certain property, dismissed as abandoned, without costs and without disbursements. The defendant-appellant is a cardiologist with a reasonably substantial gross income, although there is a dispute as to the net income. The plaintiff-respondent is an interior decorator and in the furniture business, whose gross income, while less than that of her husband, is also ample. Defendant-appellant has agreed to pay for the school, camp and insurance costs for the two children of this marriage, over and above the support payments. The obligation to support children is a mutual one *(Pellman v Pellman,* 59 AD2d 371, 373). Nonetheless, we are inclined to continue that part of the court's order providing for child support. On February 2, 1978, this court granted the defendant-appellant's motion for a stay pending appeal on condition that defendant-appellant pay child support arrears and continue the child support provided pending determination of the appeal. The husband had previously voluntarily provided for the wife, in addition to the school and camp expenses of both children, the sum of $1,000 a month. By our determination here we do not indicate any opinion as to what permanent child support should be, and the temporary award should have no effect upon the Trial Judge in the determination as to any permanent award or the amount thereof. As we have previously stated many times, a temporary award is based on conflicting affidavits and "is to be remedied by a speedy trial, where the true facts concerning the finances and standard of living of the parties can more accurately be ascertained." *(Rappeport v Rappeport,* 46 AD2d 756, 757; see, also, *Klein v Klein,* 55 AD2d 885; *Gross v Gross,* 44 AD2d 806.) Concur—Kupferman, J. P., Fein, Lane, Sandler and Sullivan, JJ.