■ STANLEY G. MORRISON, Appellant, v HARRIET MORRISON, Respondent.—Order, Supreme Court, New York County, entered February 17, 1978, which awarded the defendant-respondent temporary alimony in the sum of $60 a week and directed that the plaintiff-appellant provide child support in the sum of $120 per week, unanimously modified, on the law and the facts and in the exercise of discretion, to eliminate the provision for alimony and to reduce the provision for child support to $100 per week, all retroactive to April 18, 1978, and otherwise affirmed, without costs and without disbursements. The plaintiff-appellant argues that the wife is self-supporting, and that child support should be reduced because beyond his means, and that the *pendente lite* order should not contain a denial of an application for the sale of the marital home in Mount Vernon when no such application had been made by him to the court. The plaintiff husband is a physician practicing for some five and one-half years during most of which time he was involved in a neighborhood practice. He contends that he has outstanding loans in connection with setting up his practice, and that his net income is not substantial and that he "moonlights", filling in for other doctors in clinics and emergency rooms on a temporary basis in addition to his own practice. The defendant wife does some work for a member of her family and also some teaching. On April 18, the plaintiff husband's application for a stay was granted to the extent of reducing the provision for child support to $100 a week, and staying the alimony provision. We are inclined to continue that determination. By that approach we do not indicate any opinion as to what permanent child support should be, and the temporary award should have no effect upon the Trial Judge in the determination as to any permanent award or the amount thereof. As we have previously stated many times, a temporary award is based on conflicting affidavits and "is to be remedied by a speedy trial, where the true facts concerning the finances and standard of living of the parties can more accurately be ascertained."

(*Rappeport v Rappeport,* 46 AD2d 756, 757; see, also, *Klein v Klein,* 55 AD2d 885; *Gross v Gross,* 44 AD2d 806; *Moss v Moss,* 63 AD2d 896.) One other comment is required. While no application was actually made for the sale of the marital home, the husband suggested that some financial relief might be obtained from this sale. It would seem that pending a final determination with respect to the amount of alimony and child support after a trial it would be best if the home not be sold unless both parties agree. Whether the home should be sold is a matter for the determination of the trial court in the first instance, and the provision in the order denying "plaintiff's motion for a direction that the marital home be sold" should have no effect on the final determination. (See Domestic Relations Law, § 234; cf. *Kahn v Kahn,* 43 NY2d 203.) Concur—Kupferman, J. P., Lupiano, Birns, Sandler and Sullivan, JJ.