■ MICHAEL G. WORAM, Appellant, v ANNA C. GILLIAM, Respondent. ANNA C. WORAM, Respondent, v MICHAEL G. WORAM, Appellant. — Order of the Supreme Court, New York County, entered July 10, 1980, granting defendant temporary alimony in the sum of $120 per week, and granting and denying other relief, affirmed, so far as appealed from, without costs. Appeal from an order of the Supreme Court, New York County, which is not contained in the record on appeal and which denied reargument of the order entered July 1, 1980 dismissed as nonappealable, without costs. Plaintiff husband in this consolidated action for divorce appeals from so much of an order of the Supreme Court as granted the defendant wife alimony in the sum of $120 per week. A temporary award is bottomed upon conflicting affidavits, ofttimes based upon differing versions of the finances of the parties and the standard of living enjoyed by them during the life of the marriage. As we have noted on numerous occasions, the remedy for this sometimes unsatisfactory award is a speedy trial where the facts may be examined into in far greater detail and where a more accurate appraisal of the situation of the parties may be obtained *(Morrison v Morrison,* 64 AD2d 597; *Moss v Moss,* 63 AD2d 896; *Macken v Macken,* 63 AD2d 874). Plaintiff is a nuclear engineer with earnings of approximately $37,000 per year. Out of this sum he is compelled to pay alimony of $50 per week to his first wife plus child

support for a child of that marriage. Defendant is a graduate in podiatry presently serving a residency in podiatric surgery at a Philadelphia hospital where she earns $100 per week. At the argument we were informed that the matter will be reached for pretrial conference within the next week or so and should be tried in regular order within a month thereafter. Accordingly, we see no useful purpose to be served by a change of the temporary award. We note, however, that, in so concluding, we express no opinion as to the propriety of a permanent award after trial or to the amount or duration thereof in the event it be determined that defendant is entitled thereto. Concur — Kupferman, J. P., Fein, Sandler, Sullivan and Bloom, JJ.