## (February 11, 1982)

■ STANLEY SIMON, Appellant, v WENDY F. SIMON, Respondent. — Order, Supreme Court, New York County (Gomez, J.), entered on April 1, 1981, affirmed, without costs and without disbursements. Concur — Murphy, P. J., Carro and Fein, JJ.

Sullivan and Silverman, JJ., dissent in part in a memorandum by Sullivan, J., as follows: We would modify the order of Special Term by reducing the award, pendente lite, of alimony and child support in the sums of $500 and $175 per week, respectively, and the allowance of $3,500 in counsel fees. At the outset we recognize that the husband, a wholesale diamond merchant, has been less than candid with the court, that his actual income is greatly understated, and that the parties enjoyed a rather lavish standard of preseparation living, accomplished, no doubt by charging a significant part of their living expenses to the husband's business, of which he is the sole owner. This is hardly a basis, however, to sanction an award which is almost punitive in nature. The wife's claim of weekly expenses of $1,189.04 for herself and a four-year-old child is highly inflated. The child's wants are not extraordinary; the monthly rental is approximately $420. Moreover, the wife earns $18,000 per year as an administrative assistant with a reputable accounting firm where she has been employed for the past 11 years. During all of the marriage she contributed to the family's support. We believe that an undelineated award of $400 per week for maintenance and child support is adequate. From our review of the record, and after taking into account that the wife has already paid her attorneys $2,000, we find that an additional allowance of $2,000 for counsel fees is appropriate in the circumstances. On argument we were told that the husband has vacated the marital abode; thus, the wife's application for exclusive possession of the marital residence, denied by Special Term, is now academic. In any event, we would agree with that aspect of Special Term's determination. Finally, we take note of the oft-mentioned maxim: "The best protection to both parties against any unfairness in the fixing of temporary

alimony on the basis of affidavits is a speedy trial, rather than appeal or reference." (*Bleiman v Bleiman*, 272 App Div 760; see *Gross v Gross*, 44 AD2d 806.) We trust that the awards sanctioned here will have no effect in the ultimate determination as to alimony and child support, which determination should be based on the trial evidence.