■ JACKLYNN N. PRICE, Respondent, v HAROLD PRICE, Appellant. — In an action for divorce, defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Rockland County (Wood, J.), dated February 26, 1981, as granted plaintiff's motion for temporary maintenance and child support in the sum of $400 per week and ordered defendant to pay the costs, *inter alia,* of maintaining the marital home and an automobile for plaintiff's use and to continue to pay for the children's clothing; (2) an order of the same court (Leggett, J.), dated September 21, 1981, as granted plaintiff a judgment representing arrears in the sum of $2,200, directed the filing of a $5,000 surety bond and granted plaintiff a $500 counsel fee; and (3) an order of the same court (Daronco, J.), entered September 29, 1981, as denied defendant's cross motion to dismiss the complaint on the ground of legal insufficiency. Order dated February 26, 1981 modified by deleting the provision thereof which directed the defendant to continue to pay the cost of the children's clothing and substituting therefor a provision denying this aspect of plaintiff's application. As so modified, order affirmed, insofar as appealed from. Order dated September 21, 1981 and order entered September 29, 1981 affirmed, insofar as appealed from. Plaintiff is awarded one bill of $50 costs and disbursements to cover all appeals. We deem it improper to require the payment by the husband of indeterminate sums for the children's clothing, in addition to the sum of $400 per week in temporary maintenance and child support. Since motions for temporary alimony are determined on the basis of conflicting affidavits, the most efficacious remedy for claimed inequities is a prompt trial of the divorce action where the true facts as to the parties' finances and standard of living can be ascertained (*Baranyk v Baranyk,* 73 AD2d 1004; *Gross v Gross,* 44 AD2d 806). We have considered defendant's other contentions and find them to be without merit. Titone, J. P., Weinstein, Thompson and Brown, JJ., concur.