■ CARL A. CAPASSO, Respondent, v NANCY CAPASSO, Appellant. — Order, Supreme Court, New York County (Hortense W. Gabel, J.), entered September 30, 1983, which granted the plaintiff husband's motion for renewal and reargument of the court's *pendente lite* order entered June 29, 1983, and, *inter alia,* reduced the wife's temporary maintenance from $1,500 to $500 per week, reduced temporary child support from $350 per week to $180 per week, permitted the husband to recoup any payments made to the wife under the first order to the extent they exceeded the reduced maintenance and child support as provided in the September 30 order, vacated the wife's interim accountant's fee award of $5,000, and placed a $300 limit on the husband's obligation to pay electric utility bills on the parties' Fifth Avenue co-operative apartment, modified, on the law, the facts and in the exercise of discretion, to the extent of substituting $1,500 per week for the amount of $500 per week in the fourth decretal paragraph, deleting the fifth decretal paragraph (recoupment of the wife's temporary maintenance), substituting $350 per week for the amount of $180 per week in the sixth decretal paragraph, deleting the seventh decretal paragraph (recoupment of temporary child support), deleting from the fourteenth decretal paragraph the words "up to a maximum of $300.00 per month", and otherwise affirmed, without costs. ¶ The parties were married in 1971, and have two children of the marriage, aged 9 and 11. The defendant wife has three children of a prior marriage, the youngest being 19 years of age. The family enjoyed a lavish life-style commensurate with the husband's yearly gross income of approximately one million dollars, most of it shielded by tax shelters, and further supplemented by substantial perquisites incidental to the husband's sole ownership of two substantial and financially successful companies, Nanco Contracting Corporation and Nanco Equipment Corporation. In contrast to the husband's extensive financial resources, the wife's yearly gross income, comprised of interest on certificates of deposit and commissions earned as a real estate salesperson, is approximately $60,000. ¶ The major issue on this appeal arises from Special Term's reduction upon reargument of the wife's temporary maintenance from $1,500 per week to $500 per week, and reduction of the children's temporary support from $350 per week to $180 per week. We have considered the husband's substantial financial obligations pursuant to the order appealed from which include his having to pay $71,000 yearly maintenance charges plus electricity and repair costs incurred on the parties' Fifth Avenue 10-room duplex co-operative apartment now occupied solely by the wife and children. We are also mindful of the often-repeated admonition that "any seeming inequity in a temporary order for alimony, based on conflicting affidavits, is to be remedied by a speedy trial, where the true facts as to the finances and standard of living of the parties can be ascertained." (*Gross v Gross,* 44 AD2d 806; *Macken v Macken,* 63 AD2d 874.) The pertinence here of this latter principle is significantly diminished by clear indications in the record that a speedy trial is being delayed by the husband's reluctance to provide relevant financial data through discovery. ¶ We find that Special Term's initial determination granting $1,500 temporary maintenance to the wife (which is taxable to her, as is the $71,000 co-operative maintenance) and $350 per week child support, was more realistic and just in terms of the financial situation of the parties and the various other factors enumerated in section 236 (part B, subd 6, par a; subd 7, par a) of the Domestic Relations Law. The husband contends that due to certain fixed expenses (for example, a figure of $412,007 labeled "Debt service on income producing properties", which is neither documented nor elaborated upon) he will be left with a negative cash flow if the original support provisions are reinstated. However, he is in a far better position than his wife and children to weather such a circumstance. His remedy, if such be the case, is to co-operate in providing discovery to the wife,

and to proceed expeditiously to trial. ¶ We need not determine whether the husband was entitled under the September 30, 1983 order to recoupment of any portion of the original temporary maintenance and child support payments. (Cf. *Rodgers v Rodgers,* 98 AD2d 386.) Since we are here reinstating maintenance and child support in the amounts originally awarded, effective as of the date of the application therefor (Domestic Relations Law, § 236, part B, subd 6, par a; subd 7, par a), the provisions for recoupment in the order appealed from must be vacated *nunc pro tunc.* ¶ We decline to interfere with Special Term's discretionary determination upon reargument to deny the wife's application for interim accountant's fees without prejudice to renewal before the trial court. In short, the record does not disclose the defendant wife to be so needful that she will be unable to defend this matrimonial action without an interim award of accountant's fees. (Cf. *Ahern v Ahern,* 94 AD2d 53; Domestic Relations Law, § 237, as amd by L 1983, ch 86.) The trial court will be in a better position than this court or Special Term to accurately determine the value of the services rendered by the accounting firm, based on the various elements that go into the fixation of such fees (*Russack v Russack,* 85 AD2d 542) and to determine which party shall be responsible for the payment of such fees. ¶ The record does not support Special Term's imposition of a $300 limit on the husband's responsibility to pay electric utility bills in the 10-room duplex Fifth Avenue co-operative apartment occupied by the wife and children. The bills exceeded $300 per month in the summer, apparently because of the added expense of running the central air-conditioning system. The husband, who had paid these bills in past years, could easily have demonstrated that the wife was squandering electricity, if such were the case, simply by submitting past bills covering identical periods in other years. Since he made no such showing, the provision limiting to $300 monthly his responsibility to pay those bills should be deleted. Concur — Murphy, P. J., Kupferman, Sandler, Milonas and Alexander, JJ.