■ NANCY KRAMER, Appellant, v MORRIS KRAMER, Respondent.—Order of the Supreme Court, New York County (Edith Miller, J.), entered October 8, 1986, which, *inter alia,* denied plaintiff's motion to compel payment of rent on her present residence, payment of certain baby-sitting expenses and payment of bills relative to her relocation from the marital residence and granted defendant's cross motion to the extent of directing plaintiff to account in a statement under oath for property taken from the marital residence and to return all of the property to the marital residence, is modified, on the law and facts and in the exercise of discretion, to the extent of increasing defendant's temporary maintenance payments to plaintiff from $750 to $1,500 per week and child support from

$250 to $500 per week, directing defendant to pay the moneys due for the renovation of the marital apartment, vacating that portion of the order which directs the return of the property taken by plaintiff from the marital residence, and otherwise affirmed, without costs or disbursements.

Although plaintiff did not expressly move for an upward modification of maintenance and child support, we, as did the Supreme Court herein, deem her application for the court to direct defendant to pay the rent on her present residence, and the relocation expenses plus certain baby-sitting expenses, a motion for upward modification of pendente lite relief.

There is a great disparity in the relative financial positions of the parties. The husband earns an annual income of some $1,000,000 while the wife makes close to $20,000 per year. Although any inequity in a temporary maintenance award should be remedied by a speedy trial, under all the circumstances herein, including the gross disparity in finances and the increased needs of the plaintiff, an upward modification of interim maintenance and support is warranted (see, Baker v Baker, 120 AD2d 374).

It also appears that the wife's reputation in her interior decorating business has been hurt by the nonpayment of certain bills for renovation of the marital apartment, and we therefore direct such payment by defendant husband. Any reapportionment of this expense as between the parties can be decided at the trial of the action.

While we agree that there should be an accounting of the property taken by plaintiff from the marital apartment, it appears that the items are being used by her in her new apartment. There is no need for a physical return of them to the marital apartment to preserve defendant's rights in any equitable distribution upon the plenary trial. Concur—Sullivan, J. P., Ross, Asch and Milonas, JJ.