■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Plaintiff, v THOMAS E. KASMER et al., Defendants; CHRISTOPHER KASMER et al., Respondents, and JAMES LAMEY et al., Appellants.—Yesawich, Jr., J.

This appeal stems from a surplus money proceeding to distribute $29,417.14 that remained after satisfaction of plaintiff's mortgages from the proceeds of the foreclosure sale of the marital home once owned by defendants Thomas E. Kas-

mer and Irene J. Kasmer (hereinafter Thomas and Irene), presumably as tenants by the entirety. Claimant IRI, Inc., docketed a judgment against Thomas for $9,680.51 on November 29, 1978. In March 1979, Thomas and Irene entered into a stipulation, incorporated into an order of Family Court, which provided, in part, that Thomas would transfer his interest in the subject home, held then as a tenant in common, to Irene; that the transfer would represent all past, present and future child support payments, except for pending arrears, owed by Thomas to their children, Christopher and Kimberly Kasmer; that Irene would execute a will leaving one half of the property to the children, or, upon earlier sale, would give them the one-half equity; and that Irene would indemnify Thomas against any future application for child support. Implementing that agreement, Thomas signed over his interest in the home to Irene by deed dated and recorded November 8, 1979. Thereafter, on February 11, 1980, Irene deeded the property to herself as Irene J. Reif and her current husband, James Reif; the deed stated "[t]his property is conveyed subject to any rights of infants Christopher Kasmer and Kimberly Kasmer" (hereinafter the Kasmer children).

On November 7, 1979, claimants James and Lynn Lamey perfected a judgment of $3,070.50 against Thomas and Irene, which was docketed as against Thomas on December 20, 1979 and against Irene on December 28, 1979. Claimant Martin Lamey filed his judgment of $6,532.31 against Thomas and Irene on March 26, 1980. On February 17, 1983, claimant Nicholas T. Sbarra took a second mortgage on the subject property.

Following receipt of the initial report of the Hearing Officer appointed to ascertain and report the priorities and amounts of the liens on the surplus money, Supreme Court awarded precedence to IRI, whose judgment with accumulated interest was then $14,916.37. In a second order, Supreme Court agreed with the Hearing Officer's amended report finding that the Kasmer children had second priority by virtue of a constructive trust. The Lameys, as limited by their brief, appeal from the second order and Sbarra appeals from both orders.

With regard to the first order, while it is clear that IRI enjoys the first priority, its judgment attached only to Thomas' undivided one-half share of the subject property[1] (see,

---

1. While the appendix to Sbarra's brief indicates that Thomas and Irene were divorced before IRI docketed its judgment, the record itself is unclear on that point. Even if the contrary is true, IRI's interest cannot exceed

24 NY Jur 2d, Cotenancy and Partition, §§ 8, 56). Therefore, IRI's recovery must be limited to one half of the equity remaining after deduction of appropriate fees and allowances. Insofar as the Kasmer children are concerned, their interest in the surplus money extends only to Thomas' equity, if any remains after IRI's judgment has been satisfied, for the corpus of the constructive trust, on which their claim is based, consists of no more than his undivided one-half interest in the subject property.

In an effort to establish that their claims are superior to those of the Kasmer children, the Lameys point out that Thomas' attempt to limit his child support obligations by requiring his former wife to indemnify him for future child support violates public policy and hence is unenforceable (see, Pellman v Pellman, 88 Misc 2d 251, 254, mod 59 AD2d 371; see also, Domestic Relations Law § 32 [3]; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals, 69 NY2d 406, 414-415). However, the Lameys lack standing to challenge the stipulation on which the constructive trust is founded because the policy argument they raise is not for their protection (see, Matter of District Attorney of Suffolk County, 58 NY2d 436, 442). To read the statute in that fashion vitiates the policy's salutary purpose. Though the stipulation contravenes public policy by attempting to limit Thomas' child support obligation by requiring Irene to indemnify him, that policy is designed to protect the child (and the State, in the event the child becomes a public charge). Furthermore, the repugnant language is superfluous to the formation of a constructive trust and can readily be excised from the stipulation. It is also worth noting that the property transfer by Thomas to Irene was not a fraud upon creditors since it was supported by valid consideration, namely, legally cognizable aspects of his child support obligation (see, Debtor and Creditor Law § 273-a).

Nor are we persuaded that any of the elements of a constructive trust, i.e., (1) a confidential or fiduciary relationship, (2) a promise by the trustee to hold the corpus for the beneficiaries' advantage, (3) transfer of the corpus in reliance on that promise, and (4) unjust enrichment of the trustee absent a constructive trust (see, Sharp v Kosmalski, 40 NY2d 119, 121-123), are lacking. Thomas entrusted his interest in the home to Irene for the benefit of their children. It can easily be inferred from the transaction itself that he relied on

---

Thomas' interest in the property (see, First Fed. Sav. & Loan Assn. v Lewis, 14 AD2d 150, 154).

her assurance that she would indeed so benefit the children, presumably because she was his former wife and their mother. Thus, he was justified in acting on her promise, a fact confirmed by Irene's provision for the children in her deed to herself and her current husband. If Irene uses the property she received from Thomas on behalf of the children to instead pay her creditors, Thomas will have been defrauded and she unjustly enriched; therefore, equity demands the imposition of a constructive trust (see, Beatty v Guggenheim Exploration Co., 225 NY 380, 386). This analysis leads us to conclude that should it be found on remittal that the proceeds needed to satisfy IRI's judgment will not deplete Thomas' one-half share of the surplus money to which the constructive trust attaches, then the remaining balance is properly payable to the Kasmer children.

As for Irene's one-half interest in the surplus funds, the Lameys possess the top priorities and, while it appears from the record that satisfaction of their judgments will very likely exhaust the equity remaining after fees and allowances have been satisfied,[2] that is far from certain. Inasmuch as the record does not lend itself to the unraveling of who follows them in the priority sequence, that issue, should it arise, is best left to Supreme Court to resolve.

Order entered February 9, 1967 modified, on the law, without costs, by limiting the award to claimant IRI, Inc., to defendant Thomas Kasmer's one-half interest in the surplus money, after deduction of appropriate fees and allowances, and, as so modified, affirmed.

Order entered February 18, 1987 reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Casey, J. P., Yesawich, Jr., Levine, Harvey and Mercure, JJ., concur.

---

2. Not being privy to the amount of those fees and allowances or court costs incurred in processing this matter, or the amount of interest which has accumulated on the remaining surplus, a remittal for the purpose of making a definitive determination is necessary.