■ FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF ROCHESTER, Plaintiff, v THOMAS E. KASMER et al., Defendants; JAMES LAMEY et al., Respondents, and NICHOLAS T. SBARRA, Appellant-Respondent. DONALD P. CARLIN, as Guardian Ad Litem for CHRISTOPHER KASMER and Another, Infants, Respondent-Appellant.—Casey, J. Cross appeals from an order of the Supreme Court (Crew, III, J.), entered October 24, 1988 in Broome County, which, *inter alia,* set the fee of Donald P. Carlin for his services as guardian ad litem for certain defendants in the underlying action.

At issue on this appeal is the amount and source for the payment of the fee of a guardian ad litem, who represented two children in the surplus money proceeding of the underly-

ing foreclosure action. The factual background is explained in a decision of this court on a prior appeal wherein we determined the interest and priority of various parties to the surplus funds left after satisfaction of plaintiff's mortgages from the proceeds of the foreclosure sale of the marital home once owned by defendants Thomas E. Kasmer and Irene J. Kasmer (hereinafter Thomas and Irene), who are now divorced (140 AD2d 826). In that appeal, we agreed with Supreme Court's conclusion that one of the creditors, IRI, Inc., had priority, but we held that IRI's judgment attached only to Thomas' undivided one-half interest in the foreclosed property and that, "[t]herefore, IRI's recovery must be limited to one half of the equity remaining after deduction of appropriate fees and allowances" (supra, at 828). The interest of the children represented by the guardian was found to extend "only to Thomas' equity, if any remains after IRI's judgment has been satisfied" (supra, at 828). We concluded by explaining: "As for Irene's one-half interest in the surplus funds, [claimants James, Lynn and Martin Lamey] possess the top priorities and, while it appears from the record that satisfaction of their judgments will very likely exhaust the equity remaining after fees and allowances have been satisfied, that is far from certain. Inasmuch as the record does not lend itself to the unraveling of who follows them in the priority sequence, that issue, should it arise, is best left to Supreme Court to resolve" (supra, at 829).

Based upon these conclusions, we modified the order which directed the payment of IRI's judgment by limiting IRI's award to Thomas' one-half interest in the surplus money, after deduction of appropriate fees and allowances. As to the order which gave the children represented by the guardian priority over the Lameys, we reversed and remitted the matter to Supreme Court for further proceedings.

It appears that while the prior appeal was pending, IRI's judgment was paid pursuant to Supreme Court's order. This payment exceeded Thomas' share of the surplus funds by some $200. After this court's decision in the prior appeal, the guardian ad litem sought payment for his services, submitting a bill in the amount of $7,797 for 119 hours of service, plus $216.92 for travel expenses. Supreme Court concluded that the guardian was entitled to compensation, but awarded a reduced fee of $3,000 based largely upon the amount of the pool from which the compensation was to be taken, which the court held to be the surplus moneys remaining on deposit. One of the

creditors, claimant Nicholas T. Sbarra, has appealed the award, and the guardian has cross-appealed.

We conclude that Supreme Court erred in considering the potential source for the payment of the guardian's fee as limited to the surplus funds remaining after the payment of IRI's judgment. In discussing the rights and priorities in each one-half interest of the entire surplus fund, that of Irene and that of Thomas, we specifically stated that fees and allowances were to be satisfied (supra, at 828-829). As to the order authorizing payment to IRI, we modified it to provide that the payment was subject to deduction of appropriate fees and allowances (supra, at 829). Accordingly, Supreme Court's order should be reversed and the matter remitted to Supreme Court for reconsideration of the guardian's application in light of our holding that the entire surplus fund should be considered as a potential available source for the payment of the fee. Whether the amount of the guardian's fee should change and whether the fee should, in fact, come from the entire fund or some specific portion thereof are matters that we leave for Supreme Court to decide in the first instance. Of course, since IRI may be affected by the court's determination of these issues, it should be given an opportunity to be heard.

Order reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.