■ ANITA NAYAR, Respondent, v RAJIV NAYAR, Appellant. [638 NYS2d 647]

The award of temporary maintenance was properly based upon the statutory factors (Domestic Relations Law § 236 [B] [6]), taking into account plaintiff's reasonable needs, defendant's financial ability, the parties' prior lavish standard of living, and the great discrepancy between their financial positions (*see, Baker v Baker*, 120 AD2d 374; *Lasry v Lasry*, 180 AD2d 488). It was also within the court's discretion to award interim counsel fees (Domestic Relations Law § 237 [a]), without a showing of need or requiring that plaintiff dispose of her only assets (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881). The court also properly considered statutory calculations as well as factors permitting a deviation therefrom (Domestic Relations Law § 240 [1-b] [c], [f]) in awarding interim child support (*see, Matter of Commissioner of Social Servs. of City of N. Y. v Raymond S.*, 180 AD2d 510). While defendant contends that the total award exceeds his monthly income, the record reveals substantial understatement of income. To the extent any inequities may exist, defendant's remedy is to proceed to a speedy trial (*see, Hills v Hills*, 182 AD2d 584). Concur—Wallach, J. P., Ross, Nardelli, Williams and Mazzarelli, JJ.