LINDA HYMAN, Respondent, v WILLIAM HYMAN, Appellant.

First Department, March 17, 1977

*Gerald J. Fields* of counsel *(Jan Trenholm* with him on the brief; *Battle, Fowler, Lindstone, Jaffin, Pierce & Kheel,* attorneys), for appellant.

*Jeremy D. Morley* of counsel *(Samuel L. Sholer* with him on the brief; *Halperin Shivitz Scholer Schneider & Eisenberg,* attorneys), for respondent.

BIRNS, J. P. In this matrimonial action, wherein plaintiff-respondent seeks a separation on the grounds of abandonment and nonsupport and defendant-appellant counterclaims for a divorce alleging cruel and inhuman treatment, the sole issue on this appeal is whether respondent is entitled to temporary alimony and a counsel fee *pendente lite.*

Respondent contends that by reason of her limited income and appellant's refusal to make any financial contribution she no longer is able to enjoy the standard maintained by the parties prior to their separation. Therefore, claims respondent,

she urgently requires alimony and payment by appellant of the fee of her counsel.

Appellant, however, claims the award below is unwarranted, as respondent earns $9,870 per year and has assets of some $10,000. Hence, contends appellant, respondent has not demonstrated need for said award.

The nature and extent of appellant's income are in dispute. Respondent asserts appellant transferred his assets to his father or a corporation of which his father is president and by which appellant is employed as an executive, that he used the corporate entity to conceal the full amount of salary and bonus he earned and that he is the beneficiary of certain trusts.

Award of alimony is discretionary (Domestic Relations Law, § 236). The ability of the wife to be self-supporting is but one factor to be considered (Domestic Relations Law, § 236). While respondent can no doubt survive on her earnings and assets pending trial, there is little question, on the fact pattern presented in the record, that she is in genuine need and, absent the award given at Special Term, cannot enjoy the preseparation standard of the parties unless she invades her limited savings *(Walker v Walker,* 18 AD2d 684).

Award of a counsel fee is likewise discretionary (Domestic Relations Law, § 237). In determining whether such award is warranted, the circumstances of the case and of the parties must be considered. It is apparent, here, that respondent on her income is unable to pay a counsel fee without severely reducing her life savings.

In view of the record, we find no abuse of discretion in the award made by Special Term.

A speedy trial, as ordered by the court below, is the proper avenue to follow where inequity in the award of temporary alimony or an interim counsel fee is claimed (see *Margulies v Margulies,* 52 AD2d 567; *Levene v Levene,* 41 AD2d 530).

Appellant's contention that temporary alimony may not be granted when the wife's misconduct constitutes grounds for divorce is without merit. Appellant has failed to demonstrate a "probability of success in establishing by a fair preponderance of the evidence that she has been guilty of such misconduct as would constitute grounds for a separation or divorce in his favor". *(Cipriani v Cipriani,* 45 Misc 2d 500, 501.) At this posture, it would appear that appellant's allegations amounted

to a picture of strained relations and not facts tantamount to a basis for a divorce decree *(Smith v Smith,* 273 NY 380).

Accordingly, the order of the Supreme Court, New York County (SHAINSWIT, J.), entered in the office of the clerk on October 28, 1976, granting plaintiff's motion for temporary alimony at the rate of $100 per week and a counsel fee in the sum of $1,500, without prejudice to any application for an additional counsel fee that may be presented to the Trial Justice upon conclusion of the trial, should be affirmed, without costs.

Respondent's motion for an order directing the clerk of this court to file respondent's reply to appellant's counterclaim should be granted.

CAPOZZOLI, LANE and MARKEWICH, JJ., concur.

Order, Supreme Court, New York County, entered on October 28, 1976, unanimously affirmed, without costs and without disbursements.