■ ILSE JORGENSEN, Appellant-Respondent, v ARNOLD C. JORGENSEN, Respondent-Appellant. — In a matrimonial action, the plaintiff wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Westchester County (Marasco, J.), dated July 20, 1981, which denied her motion for, *inter alia,* alimony, child support, possession of the marital residence and custody of the older child *pendente lite.* The defendant cross-appeals from so much of the same order as denied his cross motion to dismiss the complaint. Order modified, on the law and the facts, by deleting the provisions thereof denying the plaintiff temporary alimony and child support and failing to grant counsel fees and substituting therefor provisions directing the defendant to pay the plaintiff $75 per week in alimony, $25 per week in support for the one child in her custody and $1,000 in counsel fees *pendente lite.* As so modified, order affirmed, with $50 costs and disbursements payable to the wife. Special Term committed error in refusing to grant the wife temporary alimony and child support. Pursuant to section 236 (part B, subds 6, 7) of the Domestic Relations Law the predominant consideration of the court in determining whether or not to award temporary alimony and child support is the financial need of the party making the application (see *Pica v Pica,* 70 AD2d 931). Here, the wife has amply demonstrated that she is in genuine need in spite of the defendant's allegations that she is self-supporting (see *Hyman v Hyman,* 56 AD2d 337). Similarly, the wife should be granted an award of counsel fees due to her inability to pay the same (*Hyman v Hyman, supra;* Domestic Relations Law, § 237). Our award of counsel fees will not preclude the wife from seeking additional counsel fees before the trial court. As for the wife's request that she be awarded custody of the older child, and exclusive possession of the marital home, we agree with Special Term that the application should be made before the trial court. Under the facts of this case, this will preserve the *status quo.* A speedy trial will be the proper avenue to correct any claimed inequities in the present situation (*Hyman v Hyman, supra*). Further, Special Term properly exercised its discretion in denying the wife's request for over $14,000 in rehabilitative maintenance for debts incurred over the last couple of years. The wife's application can be made to the trial court. Lastly, Special Term properly denied the defendant's cross motion to dismiss the complaint on the ground of *res judicata* and/or failure to state a cause of action. By order dated February 5, 1979, this court reversed a judgment granting the wife a judgment of divorce based on cruel and inhuman treatment (see *Jorgensen v Jorgensen,* 67 AD2d 958). Subsequently, the wife brought second action which this court held to be barred by *res judicata* (see *Jorgensen v Jorgensen,* 76 AD2d 828). However, our order was made without prejudice to the commencement of a new action predicated upon events occurring subsequent to the trial in the first action. The trial in the first action took place on February 22 and 23, 1978. The complaint in the instant action alleges acts of misconduct transpiring from February 23, 1978 until August 2, 1978. Thus, having alleged acts subsequent to the trial of the original action, the instant complaint is not barred by the doctrine of *res judicata.* In addition, the complaint clearly alleges conduct by the defendant, which, if established at the trial, would entitle the plaintiff to a judgment of divorce on the ground of cruel and inhuman treatment. Gibbons, J. P., Gulotta, O'Connor and Bracken, JJ., concur.