■ REFRIGERATION ALARM SYSTEMS CORP., Respondent, v DONALD OLSEN et al., Appellants. — In an action, *inter alia,* to permanently enjoin defendants from soliciting or doing business with customers or potential customers of plaintiff, defendants appeal from an order of the Supreme Court, Nassau County (Wager, J.), dated June 23, 1981, and amended on July 20, 1981, which granted plaintiff's motion for a preliminary injunction restraining defendants from "soliciting those businesses which were actual customers of the plaintiff at any time during [the individual] defendant's employment by plaintiff", upon condition that plaintiff furnish an undertaking in the sum of $2,500 (see CPLR 6312). Order, as amended, affirmed, with $50 costs and disbursements. Plaintiff has met the three-prong test necessary for injunctive relief and is entitled to a preliminary injunction (see CPLR 6312, subd [a]). The individual defendant appears to have used his position as plaintiff's employee to his personal benefit and to plaintiff's detriment. His position of sales manager provided him with knowledge of all of plaintiff's customers and the proposed prices for future sales. This enabled defendants to undermine plaintiff's sales by offering plaintiff's customers the same product at a lower cost. Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.

■ MICHAEL A. SELETSKY, Respondent, v RHODI S. SELETSKY, Appellant. — In a matrimonial action, the defendant wife appeals (1) from so much of an order of the Supreme Court, Nassau County (Delin, J.), dated September 1, 1981, as, in effect denied her motion for maintenance and child support *pendente lite,* and (2) as limited by her brief, from so much of a further order of the same court, dated September 18, 1981, as, upon reargument, adhered to the original determination. Appeal from the order dated September 1, 1981 dismissed as academic. Said order was superseded by the order granting reargument. Order dated September 18, 1981 reversed insofar as appealed from, order dated September 1, 1981 vacated insofar as it denied defendant's motion for *pendente lite* relief, and defendant's motion is granted to the extent that plaintiff is directed to pay her $100 per week temporary maintenance and $225 per week temporary child support, in addition to an amount which shall be added to the maintenance award sufficient to cover the mortgage, carrying charges, taxes and the fuel and utility charges on the marital residence. The matter is remitted to Special Term to fix the aforesaid amount. Defendant is awarded one bill of $50 costs and disbursements. Under the circumstances disclosed by the record, defendant should have been awarded temporary maintenance and child support. Although conflicting and divergent, the parties' affidavits indicate that defendant possesses virtually no income or assets, and that plaintiff claims a gross annual income of $47,000. Defendant claims plaintiff's income is much higher. The parties have been married for more than 15 years; the three infant issue range in age from 7 to 14 years old; defendant has not been employed since the inception of the marriage. Although, as a rule, a speedy trial is the most effective remedy for any seeming inequity in an award of support *pendente lite* (see *Ellenis v Ellenis,* 76 AD2d 880), the affidavits indicate an immediate need for support, and it does not appear that the trial of the action is imminent. As such, temporary awards in the amounts indicated are warranted. We note that our awards, which are based on affidavits, should not influence the trial court in its determination as to the amounts of permanent maintenance and child support to be awarded, based on all the facts developed at trial (see *Frankel v Frankel,* 67 AD2d 719). Damiani, J. P., Lazer, Mangano and Gibbons, JJ., concur.