■ ROBERTA ROSSMAN, Respondent, v GEORGE ROSSMAN, Appellant. — In a matrimonial action, defendant appeals from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated July 19, 1982, as directed him to pay to the plaintiff temporary maintenance in the sum of $350 per week. The appeal brings up for review so much of an order of the same court, dated August 24, 1982, as, upon reargument, adhered to the original determination. Appeal from the order dated July 19, 1982, dismissed. That order was superseded by the order dated August 24, 1982, made upon reargument. Order dated August 24, 1982 affirmed insofar as reviewed. Plaintiff is awarded one bill of $50 costs and disbursements. The parties were married on June 18, 1955 and have lived apart since October of 1980, when the plaintiff wife left the marital residence. Both children of the marriage are emancipated. Plaintiff commenced an action for divorce by service of a summons on or about April 21, 1981. Thereafter she served a verified complaint alleging adultery, abandonment, and cruel and inhuman treatment. On June 11, 1982 plaintiff moved for temporary maintenance in the sum of $635 per week. She also sought interim counsel fees of $3,500. Special Term, *inter alia,* granted to the plaintiff the sum of $350 per week as temporary maintenance. Defendant subsequently moved to reargue, seeking a reduction in the award because of an unexpected decrease in his income. Special Term granted reargument but adhered to its original determination. We affirm. Section 236 (part B, subd 6) of the Domestic Relations Law empowers the court to order "temporary maintenance or maintenance to meet the reasonable needs of a party to the matrimonial action in such amount as justice requires, having regard for the circumstances of the case and of the respective parties". The subdivision provides that "[i]n determining reasonable needs the court shall decide whether the party in whose favor maintenance is granted lacks sufficient property and income to provide for his or her reasonable needs and whether the other party has sufficient property or income to provide for the reasonable needs of the other." The

subdivision further sets forth 10 factors to be considered by the court "[i]n determining the amount and duration of maintenance". Where temporary maintenance is in issue "the predominant consideration of the court * * * is the financial need of the party making the application" (*Jorgensen v Jorgensen,* 86 AD2d 861). It is also proper, however, for the court to consider other factors, such as those enumerated in the statute, including "the income and property of the respective parties * * * the duration of the marriage and the age and health of both parties" (Domestic Relations Law, § 236, part B, subd 6; see, also, *Rauch v Rauch,* 83 AD2d 847, 848). Measured against these factors, the award of temporary maintenance made in the instant case did not constitute an abuse of discretion. Moreover, the remedy for an award of temporary maintenance claimed to be unsatisfactory is a speedy trial at which a more detailed examination of the situation of the parties may be made (see, e.g., *Marcus v Marcus,* 91 AD2d 991; *Jorgensen v Jorgensen, supra; Woram v Gilliam,* 78 AD2d 796; *Hyman v Hyman,* 56 AD2d 337, 338). The instant matter was placed on the Contested Matrimonial Calendar on September 9, 1982, and will likely be reached for trial in the very near future. Accordingly, any inequity in the award may be promptly corrected. In affirming we express no opinion as to what might constitute an appropriate award of permanent maintenance. Mollen, P. J., Gulotta, Bracken and Rubin, JJ., concur.