■ ROSALYNNE KRIVITZKY, Respondent, v JAY KRIVITZKY, Appellant. — Order, Supreme Court, New York County (Gabel, J.), entered on January 14, 1983, which, *inter alia,* awarded plaintiff *pendente lite* maintenance in the amount of $1,250 weekly and interim counsel fees of $7,500 over and above the $5,000 retainer fee paid by the wife is modified, on the law and facts and in the exercise of discretion, to strike the provision for counsel fees and to reduce the temporary maintenance payments to $300 weekly and is otherwise affirmed, without costs. Plaintiff commenced this action for divorce by service of a summons with notice on August 24, 1983. Thereafter she sought *pendente lite* maintenance of $7,613 monthly and a direction that the defendant be required to pay any income taxes that might become due on any maintenance funds she received. She also sought exclusive use and occupancy of the marital home, maintenance of health and hospital insurance; a restraint upon the husband's transfer or encumbrance of marital property and counsel fees of $10,000. In support of her application, plaintiff alleged that she and her husband had maintained a luxurious life-style during their marriage but that in August, 1982, he locked her out of the marital home. She sought the $7,613 per month not only to maintain the marital apartment and her personal needs, but also another home in New Jersey, title to which is in her name only. Defendant

argued in opposition that plaintiff was not entitled to the relief requested because of her abandonment, and because she became involved in an adulterous relationship. He presses these arguments on appeal and in addition, contends that in view of his financial situation and the wife's real need, the award was grossly excessive. Moreover, he points out that Special Term failed to set forth in its decision the facts it considered in awarding support and thus failed to comply with section 236 (part B, subd 6, par b) of the Domestic Relations Law. Section 236 (part B, subd 6, par b) provides that "[i]n any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel." Paragraph a of subdivision 6 of this statute authorizes the court to consider, in addition to nine other enumerated factors, "(10) any other factor which the court shall expressly find to be just and proper." A review of the record herein persuades us that Special Term's award was predicated upon the preseparation standard of living of the parties to the exclusion of other relevant factors. There is substantial evidence that tends to support the husband's contention that plaintiff has engaged in an adulterous relationship, and that neither the plaintiff's actual needs nor defendant's financial circumstances justifies an award of the magnitude set by Special Term. Accordingly we find that the award of interim maintenance was excessive to the extent indicated. In view of the circumstances referred to above and the fact that plaintiff has already paid a $5,000 retainer to her counsel, an additional award of attorney's fees at this juncture is unwarranted. Concur — Kupferman, J. P., Sullvan, Ross, Silverman and Alexander, JJ.