■ TERESA STEWART, Respondent, v RAYMOND STEWART, Appellant. — In an action for divorce, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Miller, J.), dated February 28, 1983, as granted plaintiff wife's motion for reargument and, upon reargument, directed him to pay $150 per week for maintenance *pendente lite*

and $3,000 in counsel fees. Order modified by deleting the provisions which awarded plaintiff *pendente lite* support of $150 per week and counsel fees of $3,000 and plaintiff's application, insofar as it was for temporary maintenance, is denied. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Queens County, for further proceedings consistent herewith. A motion to reargue is addressed to the discretion of the court and it was not an abuse of discretion to grant plaintiff's motion to reargue. However, the court erred in awarding plaintiff maintenance *pendente lite* and counsel fees. A *pendente lite* award is appropriate when the parties' affidavits indicate an immediate need for support and it does not appear that a trial of the action is imminent (*Seletsky v Seletsky,* 87 AD2d 648). A trial is not imminent here because of plaintiff's own inaction; she served the summons for divorce on or about May 27, 1982, but did not serve the complaint until late November, 1982 and only after Special Term granted a conditional order of dismissal. This court has stated that "[i]n awarding alimony *pendente lite* the ultimate determination depends upon a balancing of several factors, including the financial status of the respective parties, their age, health, necessities and obligations, their station in life, the duration and nature of the marriage, and the conduct of the parties (see *Phillips v Phillips,* 1 AD2d 393)" (*Rauch v Rauch,* 83 AD2d 847, 848). The parties had only been married for one and one-half months when they separated. With her husband paying the carrying charges on the marital abode, we believe it was error to award temporary maintenance without a better showing by plaintiff that she could not support herself. Therefore, her application for temporary maintenance should have been denied. Finally, we note that the trial court should not have considered the merits of plaintiff's application for counsel fees, without the submission of an affidavit from her attorney, as required by 22 NYCRR 699.11 (b) of the rules of this court. Accordingly, the matter is remitted to Special Term for a new determination on this issue after the filing of the appropriate affidavit (cf. *Steinman v Steinman,* 87 AD2d 649; *Patell v Patell,* 91 AD2d 1028). Damiani, J. P., Lazer, Mangano and Boyers, JJ., concur.