■ MADELEINE BERLEY, Respondent, v DAVID I. BERLEY, Appellant. — Order, Supreme Court, New York County (Hortense Gabel, J.), entered April 13, 1983, which, *inter alia,* awarded plaintiff $1,500 per week for temporary maintenance and $1,000 per week for temporary child support, modified, on the law, on the facts, and in the exercise of discretion, to reduce the temporary maintenance payments to $750 per week and the temporary child support to

$500 per week and otherwise affirmed, without costs or disbursements. The parties, married in 1961, were separated in February, 1982. There are five children, ranging between the ages of 7 and 20. Defendant, who allegedly has a net worth of over $5,000,000, with annual earnings from his real estate business in excess of $300,000, had made voluntary payments to the plaintiff and the children after their separation in excess of $110,000 per year, which included mortgage, educational expenses, insurance, medical, automobile expenses, summer camp, telephone bills, credit card charges and other miscellaneous items. The order of Special Term appropriately directed the continuation of certain voluntary payments and further, properly directed defendant to continue maintenance of existing insurance policies (Domestic Relations Law, § 236, part B, subd 8). However, we find the awards of temporary maintenance and temporary child support excessive and reduce both awards accordingly. Whether Special Term unnecessarily relied upon the exaggerated budget submitted by the plaintiff does not appear. Considering all of the circumstances, however, including the independent assets and interest income of the plaintiff and the defendant's continuance of the other voluntary payments, we find appropriate a reduction in temporary maintenance to $750 per week and in temporary child support to $500 per week. Appellant's claim that Special Term failed to comply with section 236 (part B, subd 6) of the Domestic Relations Law in not setting forth its findings as to the specific factors considered in reaching the award for *pendente lite* maintenance, lacks merit. To the contrary, paragraph a of subdivision 6 of the statute directs the court to consider the nine factors enumerated in the statute in determining "the amount and duration of maintenance" but does not mandate that those factors be taken into account and set forth in the decision fixing temporary maintenance (see *Krivitzky v Krivitzky,* 94 AD2d 655; *Liss v Liss,* 87 AD2d 681; Siegel, 1964 Practice Commentary, McKinney's Cons Laws of NY, Book 14, 1982-1983 Pocket Part, Domestic Relations Law, § 236, C236B:23, p 143). While the statutory criteria could be considered, the court was not compelled to do so nor was there any obligation to list those considered in its decision. Therefore, the decision was not deficient in that respect. Concur — Carro, J. P., Bloom and Kassal, JJ. Silverman, J., concurs in part in a memorandum and Asch, J., dissents in a separate memorandum as follows:

Silverman, J. (concurring in part). I wish to record my view that section 236 (part B, subd 6, par b) of the Domestic Relations Law applies to orders for temporary maintenance, and that the order appealed from is deficient in failing to comply with that section. That statute provides: "In any decision made pursuant to this subdivision, the court shall set forth the factors it considered and the reasons for its decision and such may not be waived by either party or counsel." "[T]his subdivision" is subdivision 6 "Maintenance" and includes the grant of "temporary maintenance". Special Term has failed to comply with that provision. However, it may be that the statement in the majority memorandum as to the reasons for our decision remedies that defect.

Asch, J. (dissenting). The majority modifies to reduce the temporary maintenance to $750 a week and the temporary child support to $500 a week. The award by Special Term appeared to be slightly over 43% of the amount requested by the plaintiff. Thus, Special Term itself substantially reduced plaintiff's request. In view of the fact that this is a *pendente lite* award, it is my opinion that we should leave Special Term's grant undisturbed pending the trial since, as this court has stated previously on many occasions, a full trial is the most satisfactory modality for determining maintenance and child support.