(January 31, 1984)

■ D.M. GROUP, INC., Respondent, v NORTH AMERICAN LEGAL SYSTEMS, INC., Appellant. — Judgment, Supreme Court, New York County (Irving Kirschenbaum, J.), entered on September 9, 1983, unanimously affirmed. Respondent shall recover of appellant one bill of $75 costs and disbursements of this appeal. The appeal from the order of said court entered on September 7, 1983, is dismissed as having been subsumed in the appeal from the judgment. No opinion. Concur — Sullivan, J. P., Ross, Carro, Lynch and Kassal, JJ.

■ In the Matter of CHARLES E. SMITH, an Attorney. — Respondent's motion to be exempt from any interim order of suspension pending completion of the disciplinary proceedings and the final determination of the petition herein denied, the petition granted and respondent directed to show cause why a final order of suspension, censure or removal from office should not be made, and, pending final determination of the petition, respondent is suspended from practice as an attorney and counselor at law in the State of New York, effective January 31, 1984, and until the further order of this court. Concur — Sandler, J. P., Sullivan, Carro, Asch and Milonas, JJ.

SECOND DEPARTMENT, JANUARY, 1984

(January 3, 1984)

■ MARY R. AITCHISON et al., Respondents, v TOWN OF MAMARONECK et al., Defendants, and FUNMAR CONSTRUCTION CORP., Appellant. — Order of the Supreme Court, Westchester County (Isseks, J.), dated April 11, 1983, affirmed, with costs (see Rios v Wilcox Constr. Corp., 90 AD2d 826). Titone, J. P., Lazer, Mangano and Thompson, JJ., concur.

■ SUSAN J. BELFIGLIO, Respondent, v RONALD A. BELFIGLIO, Appellant. — In a matrimonial action, defendant husband appeals from so much of an order of the Supreme Court, Westchester County (Slifkin, J.), entered April 14, 1983 as amended April 18, 1983, as awarded plaintiff wife the sum of $450 per week in temporary maintenance and child support. Order as amended affirmed, insofar as appealed from, with costs. The nine specific factors enumerated in section 236 (part B, subd 6, par a) of the Domestic Relations Law do not govern temporary maintenance applications. Accordingly, Special Term, in awarding temporary maintenance, was not obligated to consider them (Liss v Liss, 87 AD2d 681, 682). Special Term's decision, in which it set forth the reasons for the determination reached, complied with the statutory directives (Domestic Relations Law, § 236, part B, subd 6, par b; subd 7, par b). Temporary maintenance is designed to insure that the needy spouse is provided with sufficient funds to meet his or her reasonable needs pending trial (cf. Rossman v Rossman, 91 AD2d 1036; Jorgensen v Jorgensen, 86 AD2d 861). Review of the record indicates that the award is not excessive. Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.