■ HELEN BEST, as Administratrix of the Estate of JACOB BEST, Deceased, Appellant, v CITY OF NEW YORK et al., Defendants, and HENRY KELLER, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiff appeals from an order of the Supreme Court, Kings County (Shaw, J.), entered July 18, 1983, which granted defendant Henry Keller's motion to dismiss the complaint as against him. ¶ Order reversed, with costs, and matter remitted to Special Term for a traverse hearing consistent herewith. ¶ Under the circumstances of this case, Special Term erred in dismissing the plaintiff's complaint as against defendant Keller for failure of proof of service of the summons because the affidavit of service did not substantially comply with CPLR 306 (subd [b]) because it omitted a description of the person to whom the summons was delivered. "The fact that the original affidavit of service was improperly executed is not a jurisdictional defect, if in fact service was properly made" (*Mariano v Steinberg,* 87 AD2d 606; see, also, *LeFevre v Cole,* 92 AD2d 720). ¶ Additionally, Special Term improperly treated Keller's motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 8) as one for summary judgment without giving notice to the parties of its intention to do so (see *Rich v Lefkovits,* 56 NY2d 276; *Boswell v Jiminy Peak,* 94 AD2d 782). In the case at bar the plaintiff should have been given the opportunity to prove that Keller was properly served. Bracken, J. P., Niehoff, Rubin and Eiber, JJ., concur.

■ FLORENCE DE MATO, Appellant, v DAVID R. DE MATO, Respondent — In an action for divorce, the plaintiff wife appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Kelly, J.), dated July 13, 1983, as (1) denied that branch of her motion which sought an award of maintenance *pendente lite,* and (2) referred that branch of her motion which sought an interim award of counsel fees and expert fees to the trial court. ¶ Order modified, as a matter of discretion, by deleting the provision which denied that branch of plaintiff's motion which sought mainte-nance *pendente lite* and substituting therefor a provision awarding her the sum of $150 per week maintenance *pendente lite.* As so modified, order affirmed insofar as appealed from, without costs or disbursements. ¶ Special Term correctly referred to the trial court that branch of the plaintiff wife's motion which sought an interim award of counsel and expert fees. Although plaintiff herself has asserted her view that such fees are necessary, her application is not supported by an affidavit of her counsel attesting to the need for such counsel fees or the need for other sums to engage experts. We would also point out that plaintiff has failed to provide a copy of her retainer agreement (see *Ahern v Ahern,* 94 AD2d 53; *Cook v Cook,* 95 AD2d 768). ¶ We find, however, that plaintiff has made a sufficient showing for an award of maintenance *pendente lite.* While it appears from the record that the defendant husband, who continues to live in the marital residence, has in the past paid all of the bills relating to its upkeep and will continue to do so, he acknowledges that he has ceased to provide her with the $150 per week allowance for her personal expenses which he had provided since the inception of the marriage. It also appears that plaintiff has been denied access to the parties' credit accounts. Moreover, it is undisputed that plaintiff's employer recently relocated and that she now receives unemployment benefits. Taking into consideration these circumstances and, among other things, the marital standard of living, we find that it was an abuse of discretion to deny plaintiff an award of maintenance *pendente lite* (*McKee v McKee,* 96 AD2d 531). At the same time, we would encourage the parties to proceed as expeditiously as possible toward a trial of the action in order to remedy any claimed inequity with regard to the parties' respective financial positions (see *McKee v McKee, supra; Ellenis v Ellenis,* 76 AD2d 880). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.