■ LESTER STERN, Respondent, v EILEEN STERN, Appellant. — In a matrimonial action, defendant wife appeals from so much of an order of the Supreme Court, Kings County (Hirsch, J.), entered January 12, 1984, as limited her award of temporary maintenance to the sum of $50 per week.

Order modified, on the law and the facts, by increasing the award of temporary maintenance from the sum of $50 per week to the sum of $125 per week, by increasing the award for arrears for the period from April 5, 1983 to December 1, 1983 from the sum of $1,750 to the sum of $4,375, and by increasing the amount plaintiff husband is required to pay per week from the sum of $75 per week, inclusive of $25 weekly in arrears, to the sum of $150 per week, inclusive of $25 weekly in arrears. As so modified, order affirmed, insofar as appealed from, with costs to defendant wife.

Special Term was not required to consider all of the nine factors enumerated in section 236 (part B, subd 6, par a) of the Domestic Relations Law with respect to an application for temporary, as opposed to permanent, maintenance, although consideration of said factors is optional at the discretion of the court (see *Belfiglio v Belfiglio,* 99 AD2d 462; *Berley v Berley,* 97 AD2d 726, 727; *Liss v Liss,* 87 AD2d 681, 682). A court must, however, set forth the factors it considered and the reasons underlying its determination on an application for temporary maintenance (Domestic Relations Law, § 236, part B, subd 6, par b; see *Belfiglio v Belfiglio, supra*). The predominant consideration for the court in determining whether or not to grant temporary maintenance pursuant to section 236 (part B, subd 6) of the Domestic Relations Law is the financial need of the party making the application (see *Jorgensen v Jorgensen,* 86 AD2d 861, mod on other grounds 86 AD2d 881; see, also, *Van Ess v Van Ess,* 100 AD2d 848; *Rossman v Rossman,* 91 AD2d 1036, 1037). An award of *pendente lite* maintenance is generally appropriate where a party has demonstrated that he or she has an immediate need for support inasmuch as he or she "lacks sufficient property and income to provide for his or her reasonable needs" (Domestic Relations Law, § 236, part B, subd 6, par a), and it does not appear that the trial of the action is imminent (see *Stewart v Stewart,* 96 AD2d 939, 940; *Seletsky v Seletsky,* 87 AD2d 648). In determining the amount of such a temporary maintenance award, the court must arrive at an accommodation between the "reasonable needs" of the spouse making the application and the financial ability of the other spouse to provide for those needs (see Domestic Relations Law, § 236, part B, subd 6, par a; *Van Ess v Van Ess, supra; Kaltenbach v Kaltenbach,* 88 AD2d 582, app dsmd 57 NY2d 736).

We conclude that, under the circumstances in the instant case, the temporary maintenance awarded in favor of defendant should be increased from $50 per week to $125 per week, effective April 5, 1983. Defendant is subsisting on a limited fixed income consisting only of Social Security disability benefits. The severe chronic illness from which she is suffering has greatly increased her expenses and has prevented her from returning from her mother's home in Florida to New York to participate in a trial of the action. The financial affidavit submitted by plaintiff indicates that he has sufficient income and resources to pay the increased temporary maintenance needed by his wife without jeopardizing his other obligations (see *Blasco v Blasco,* 99 AD2d 747; *Kaltenbach v Kaltenbach, supra; Seletsky v Seletsky, supra*). Our modification of the amount of the temporary maintenance awarded to defendant is not intended to

influence the final determination as to the amount of permanent maintenance, if any, to be awarded, based on all the facts developed at trial (see *Van Ess v Van Ess, supra; Kaltenbach v Kaltenbach, supra; Seletsky v Seletsky, supra*). Titone, J. P., Weinstein, Rubin and Boyers, JJ., concur.