■ JEAN ROMANOFF, Respondent, v PHILIP ROMANOFF, Appellant. — In a matrimonial action, the defendant husband appeals from so much of an order of the Supreme Court, Rockland County (Kelly, J.), entered January 9, 1984, as, (1) granted the plaintiff wife pendente lite maintenance of $100 per week and child support of $100 per week, (2) directed him to pay realty taxes, water charges, heat and utility charges, homeowner insurance, basic telephone costs, and normal maintenance and repairs, on the marital residence, monthly payments on plaintiff's car, medical coverage for plaintiff and the children and $750 for accounting fees and (3) granted the plaintiff exclusive possession of the marital residence. The appeal brings up for

review so much of an order of the same court, entered February 28, 1984, as, upon granting defendant's motion for reargument and modifying the order entered January 9, 1984, so as to deny that branch of the plaintiff's motion which was for exclusive possession of the marital residence, adhered to the other portions of the original determination from which defendant has appealed.

Appeal from the order entered January 9, 1984, dismissed, without costs or disbursements. That order was superseded by the order entered February 28, 1984, made upon reargument.

Order entered February 28, 1984, affirmed insofar as reviewed, without costs or disbursements.

Temporary maintenance is designed to insure that the needy spouse is provided with sufficient funds to meet reasonable needs pending trial and a speedy trial is generally the best remedy for perceived inequities in such awards (*see, e.g., Rossman v Rossman,* 91 AD2d 1036; *Marcus v Marcus,* 91 AD2d 991; *Jorgensen v Jorgensen,* 86 AD2d 861). On the record before us, consisting of conflicting affidavits, we perceive no reason to substitute our discretion for that of Special Term. It considered all the relevant factors (*see, Stern v Stern,* 106 AD2d 631; *Belfiglio v Belfiglio,* 99 AD2d 462) and the award is not excessive (*Rossman v Rossman, supra; Pieri v Pieri,* 91 AD2d 1016). Finally, plaintiff demonstrated the need for accounting services (*see, Ahern v Ahern,* 94 AD2d 53). Mollen, P. J., Titone, O'Connor and Rubin, JJ., concur.