■ MINDY S. SCHWARTZ, Respondent, v SAMUEL R. SCHWARTZ, Appellant.—In an action for divorce, the defendant husband appeals (1) as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Morrison, J.), dated April 27, 1984, as granted the plaintiff wife's motion for temporary maintenance in the sum of $2,000 per week, and (2) as limited by his notice of appeal and brief, from so much of an order of the same court, dated June 1, 1984, as denied his motion for reargument and awarded plaintiff a money judgment of $16,000 for arrears.

Order dated April 27, 1984, affirmed insofar as appealed from, without costs or disbursements.

Appeal from so much of the order dated June 1, 1984, as denied reargument dismissed and order otherwise affirmed insofar as appealed from, without costs or disbursements. No appeal lies from a denial of reargument.

In view of the conceded opulent standard of living enjoyed by the parties during their marriage of almost five years' duration and the defendant's wealth, Special Term did not

abuse its discretion in granting the plaintiff temporary maintenance in the sum of $2,000 per week (*McKee v McKee,* 96 AD2d 531).

On the instant appeals, defendant argues, *inter alia,* that Special Term erred in failing to take into consideration the terms of an antenuptial agreement executed by the parties on June 1, 1978. We disagree with this argument.

It is true that (1) the antenuptial agreement provides, *inter alia,* that in the event a decree of divorce or separate maintenance was entered "in a proceeding between the parties", defendant would pay plaintiff the sum of $5,000 a year "for every two full years" of the marriage up to a maximum of $25,000 a year and (2) the amount of maintenance as provided in the antenuptial agreement is substantially less than the award of temporary maintenance granted by Special Term to plaintiff. However, the antenuptial agreement, by its specific language, was only operative in the event that the parties married "prior to July 1, 1978", and the marriage herein occurred on October 23, 1978. Defendant nevertheless argues that (1) the date of July 1, 1978, was inserted into the antenuptial agreement as a result of mutual mistake or fraud on the part of the plaintiff, (2) the parties intended the antenuptial agreement to be operative as long as they married during the calendar year 1978, and (3) reformation of the antenuptial agreement, to reflect the true agreement of the parties on this point, is warranted. However, Special Term ordered a hearing on the issue of mutual mistake and fraud and it properly directed that if defendant prevailed at said hearing, "the sums paid [by defendant] in accordance herewith shall be credited against the sums which will become due as provided in the agreement".

Accordingly, Special Term's determination should not be disturbed.

We encourage the parties to proceed as expeditiously as possible toward a trial of the action in order to remedy their claims of inequity in the award of temporary maintenance (*see, Ellenis v Ellenis,* 76 AD2d 880; *De Mato v De Mato,* 101 AD2d 847). Lazer, J. P., Mangano, Gibbons and Niehoff, JJ., concur.