■ RUTHANN SASSANO, Respondent, v MICHAEL J. SASSANO, Appellant.—In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (Brucia, J.), dated March 28, 1984, as directed him to pay the plaintiff wife temporary maintenance in the sum of $100 per week and temporary child support in the sum of $100 per week, and further directed him to pay certain carrying charges on the marital residence, (2) an order of the same court, dated June 18, 1984, as, upon renewal and reargument, adhered to the original determination, and (3) an order of the same court, dated August 6, 1984, as, upon renewal and reargument, again adhered to the original determination for the period ending June 5, 1984, reduced a prior wage deduction order in the sum of $321.12 per week to $200 per week, and, in effect, denied a reduction in the prior pendente lite maintenance and support orders for the period subsequent to June 5, 1984.

Appeals from the orders dated March 28, 1984 and June 18, 1984 dismissed. The portions of those orders appealed from were superseded by the order dated August 6, 1984, made upon renewal and reargument.

Order dated August 6, 1984 affirmed, insofar as appealed from.

Plaintiff is awarded one bill of costs.

At issue on these appeals is whether the pendente lite

awards at Special Term were excessive based upon defendant's income. We hold that they were proper. Contrary to defendant's assertions on appeal, there was not a paucity of documentary evidence concerning his net weekly income. The evidence proffered by the plaintiff upon the motion which resulted in the order dated June 18, 1984, consisting of the defendant's pay stub from the City of New York for the period ending April 28, 1984, fully supported Special Term's determination. That pay stub indicates that defendant earned a net weekly income of approximately $623 for the period from January 1, 1984 through April 28, 1984. The pendente lite awards did not become effective until February 9, 1984.

We decline to further reduce the wage deduction order granted to plaintiff on the record before us. We have repeatedly stated that the remedy for an award of temporary maintenance claimed to be unsatisfactory is a speedy trial at which a more detailed examination of the financial situation of the parties may be made (*see, e.g., Rossman v Rossman,* 91 AD2d 1036; *Marcus v Marcus,* 91 AD2d 991; *Jorgensen v Jorgensen,* 86 AD2d 861; *Woram v Gilliam,* 78 AD2d 796; *Hyman v Hyman,* 56 AD2d 337, 338).

We have considered defendant's remaining contentions and find them to be without merit (*see, Reingold v Reingold,* 102 AD2d 820). Lazer, J. P., Gibbons, Bracken and Niehoff, JJ., concur.