■ LUCY MALLARDI, Respondent, v LOUIS MALLARDI, Appellant.—In a matrimonial action, the defendant husband appeals (1) from so much of an order of the Supreme Court, Nassau County (Becker, J.), dated June 29, 1984, as directed him to pay temporary maintenance in the sum of $200 per week, carrying charges on the marital residence, and retroactive amounts due pursuant to Domestic Relations Law § 236, and (2) from so much of an order of the same court, dated September 18, 1984, as denied the defendant's motion to reargue and granted the plaintiff wife's cross motion for a wage deduction order pursuant to Personal Property Law former § 49-b and a money judgment in the sum of $2,200 for arrears due under the court's previous order.

Order dated June 29, 1984 affirmed, insofar as appealed from, without costs or disbursements.

Appeal from so much of the order dated September 18, 1984, as sought review of the denial of the defendant's motion for reargument dismissed, without costs or disbursements. No appeal lies from the denial of a motion for reargument.

Order dated September 18, 1984 otherwise affirmed, insofar as appealed from, without costs or disbursements.

Although Special Term failed to set forth the reasons underlying its award of temporary maintenance *(see, Stern v Stern,* 106 AD2d 631), our independent review of the record reveals that the amount was appropriate considering the financial needs of the plaintiff and her own limited resources *(see,* Domestic Relations Law § 236 [B] [6] [a]). The defendant's failure to fully disclose his income prevents us from making a determination whether the award of temporary maintenance was excessive or as to whether the wage deduction exceeded the maximum percentage allowable under 15 USC § 1673 (b) (2) (A). Lazer, J. P., Thompson, Lawrence and Eiber, JJ., concur.