■ Anna M. Schlosberg, Respondent, v Clifford L. Schlosberg, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Putnam County (Dickinson, J.), dated July 16, 1986, which, *inter alia,* upon the plaintiff wife's motion, directed him to pay, pendente lite, (1) the plaintiff wife maintenance of $800 per week, (2) all carrying charges on the marital residence including mortgage, utilities, taxes and upkeep, and (3) the sum of $1,000 for accountant's fees, granted the plaintiff wife temporary exclusive occupancy of the marital residence, and ordered him to maintain all existing securities accounts.

Ordered that the order is affirmed insofar as appealed from, with costs.

Based upon our review of the record we perceive no reason to substitute our discretion for that of the trial court which considered the relevant factors enumerated in Domestic Relations Law § 236 (B) (6) (a) in determining this application for pendente lite relief *(see, Catania v Catania,* 111 AD2d 896; *Romanoff v Romanoff,* 111 AD2d 158). The pendente lite award of maintenance and other relief was not excessive when viewed in relation to the parties' respective financial circum-

stances and the plaintiff wife's need for support pending trial *(see, e.g., Stern v Stern,* 106 AD2d 631; *Jorgensen v Jorgensen,* 86 AD2d 861). The proper remedy for any perceived inequities in pendente lite support is to press for an early trial *(see, e.g., Schwartz v Schwartz,* 112 AD2d 154; *Romanoff v Romanoff, supra; Chachkes v Chachkes,* 107 AD2d 786).

The defendant did not oppose in the court of first instance the award of pendente lite accountant's fees or temporary exclusive occupancy of the marital residence and, therefore, has not preserved those issues for appellate review *(see, Zeballos v Zeballos,* 104 AD2d 1033, 1034, *lv dismissed* 65 NY2d 690, *rearg denied* 65 NY2d 1054; *Brent-Grand v Megavolt Corp.,* 97 AD2d 783). In any event, we find the defendant's arguments on those issues to be without merit *(see, Wolfe v Wolfe,* 111 AD2d 809, 810; *cf., Billington v Billington,* 111 AD2d 203).

Lastly, we find that the minimal restraint placed on the defendant's brokerage accounts was a proper exercise of the court's discretion in view of the possibility that any appreciation in these accounts may constitute marital property. Thus, the restraint placed on those accounts was proper to preserve the assets *(see, e.g., Monroe v Monroe,* 108 AD2d 793; *Leibowits v Leibowits,* 93 AD2d 535). Thompson, J. P., Lawrence, Weinstein and Harwood, JJ., concur.