■ NEIL GERST, Appellant, v SHERYL GERST, Respondent.— In a matrimonial action, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Willen, J.), dated February 6, 1987, as denied his motion to vacate an order of the same court, dated January 13, 1986, awarding the defendant wife temporary maintenance in the amount of $125 per week and psychiatric and related medical expenses of up to $500 per month.

Ordered that the order is affirmed, insofar as appealed from, with costs.

The Supreme Court was not required to state the factors relied upon and reasons for denying the plaintiff's motion to vacate the award of temporary maintenance. Domestic Relations Law § 236 (B) (6) (b) by its own terms, applies to "any decision made pursuant to this subdivision". The petitioner's motion was brought pursuant to Domestic Relations Law § 236 (B) (9) (b), which permits modification of an order of maintenance "upon a showing of * * * a substantial change in circumstance, including financial hardship" and which contains no requirement that the court state the factors considered or its reasons for granting or denying such a request.

Furthermore, we find that under the circumstance of this case, the denial of the plaintiff's motion to vacate the award was not an abuse of discretion. On the record before us, consisting of conflicting affidavits concerning the parties' relative financial situations, we find no reason to substitute our discretion for that of the Supreme Court *(see, Romanoff v Romanoff,* 111 AD2d 158, 159; *Chyrywaty v Chyrywaty,* 102 AD2d 1009).

Finally, we urge the parties to take all the necessary steps to bring this matter to trial as soon as is practicable *(see, Glass v Glass,* 138 AD2d 567). Thompson, J. P., Lawrence, Spatt and Harwood, JJ., concur.