■ ELLEN LA MOTHE, Respondent, v DONALD LA MOTHE, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Westchester County (Dachenhausen, J.), entered October 16, 1987, which, *inter alia,* awarded the plaintiff wife pendente lite maintenance and child support, denied his cross motion to dismiss the complaint and continued, on consent, an order of protection of the Family Court, Ulster County (Traficanti, J.), dated September 22, 1987, which awarded temporary custody of the parties' children to the mother.

Ordered that the appeal from so much of the order as continued the order of protection, on consent, is dismissed, without costs or disbursements, as no appeal lies from an order entered on consent of the appellant (see, Bahr v Bahr, 105 AD2d 725); and it is further,

Ordered that the order is modified by deleting therefrom the provision denying that branch of the defendant's cross motion which was to dismiss paragraphs 5 (c) and 5 (e) of the complaint, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

Our review of the record reveals that the court's pendente lite award of $150 per week maintenance and child support to the plaintiff was proper (see, Kay v Kay, 37 NY2d 632; Matter of Moore v Moore, 115 AD2d 894, 896).

Temporary provisions are intended to tide over a needy party, not to determine the correct ultimate award (see, Yecies v Yecies, 108 AD2d 813). In any case, "[t]he proper remedy for any perceived inequities is to press for an early trial" (Schlosberg v Schlosberg, 130 AD2d 735, 736; Schwartz v Schwartz, 112 AD2d 154).

The court properly refused to dismiss the plaintiff's complaint which alleged a pattern of abusive behavior which rendered it "unsafe and improper for her to cohabit with the defendant" (Domestic Relations Law § 170 [1]; Echevarria v Echevarria, 40 NY2d 262; Bulger v Bulger, 88 AD2d 895, 896).

However, paragraphs 5 (c) and 5 (e) of the complaint must be dismissed since the acts complained of therein are time barred (see, Domestic Relations Law § 170 [1]; § 210). Other acts complained of were either timely, or if they occurred more than five years prior to the commencement of the action, could be considered as part of a continuing recurring course of conduct (see, Albert v Albert, 44 AD2d 895, 896).

Paragraph 5 (f) of the complaint, which alleges actions occurring in the summer of 1982, must be dismissed only if it is determined that the actions complained of occurred more than five years prior to the commencement of the action. Such a determination may properly await the trial of the action. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.