■ Edward McCarthy, Respondent, v Elizabeth McCarthy, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Suffolk County (Colby, J.), entered August 24, 1989, which, *inter alia,* (1) granted that branch of her motion which was for pendente lite maintenance solely to the extent of awarding her $25 per week, (2) denied that branch of her motion which was for pendente lite attorney's fees, (3) granted that branch of the plaintiff husband's cross motion which to compel her to transfer certain personal property to him, and (4) granted that branch of plaintiff husband's cross motion which was for a preliminary injunction enjoining her from selling marital property.

Ordered that the order is modified by (1) increasing the award of pendente lite maintenance to the defendant to $175 per week, (2) deleting the provision thereof which denied that branch of the defendant's motion which was for pendente lite attorney's fees and substituting therefor a provision granting that branch of the motion to the extent directing the plaintiff to pay her attorneys $3,500 in pendente lite attorney's fees, and (3) deleting the provisions thereof which granted those branches of the plaintiff's cross motion which were to compel the defendant to transfer certain items of personal property to him, and for a preliminary injunction enjoining her from selling or encumbering marital property, and substituting therefor a provision denying those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

The plaintiff husband receives a gross income which is approximately five times greater than the gross income received by the defendant wife. The plaintiff retired from the New York City Fire Department in 1982 and receives a disability pension of approximately $35,000 per year as well as Social Security benefits in the amount of approximately $7,000 per year. He also receives additional income in an amount which is unknown, due to his failure to reveal the exact balances of several bank accounts. The plaintiff husband did admit, however, that he has approximately $24,000 in cash or cash equivalents, and this money, if invested, is presumably capable of producing additional income. His total income is thus more than adequate to cover his claimed expenses of $2,422.56 per month.

The defendant's income consists of Social Security benefits in the sum of $613 per month and rental income in the sum of

$200 per month. This amount is totally insufficient to cover her claimed expenses of approximately $2,000 per month. While it is true that she owns a house with an estimated value of between $175,000 and $200,000 (encumbered by a mortgage in the principal sum of $22,000), this is her only asset to speak of, it may not be readily liquidated, and (except to the extent that the plaintiff might have used separate property to contribute to its improvement) it constitutes her separate property. (The plaintiff also owned a house prior to the parties' marriage, which he later sold for $147,000.)

Under these circumstances, it is clear that we must exercise our power to substitute our own discretion for that of the Supreme Court. We presume that the Supreme Court's decision was heavily influenced by its consideration of the fact that the marriage in question was of extremely brief duration (Domestic Relations Law § 236 [B] [6] [a] [2]; *see, Clancy v Clancy,* 122 AD2d 563 [proper to deny pendente lite maintenance where marriage lasted one month]; *Stewart v Stewart,* 96 AD2d 939 [error to grant temporary maintenance where marriage lasted 1½ months]). However, pendente lite maintenance will generally be awarded to the extent necessary in order to allow a party to continue to be self-supporting, even where the marriage was a brief one *(see, Clancy v Clancy, supra; Stewart v Stewart, supra).* The financial need of the spouse requesting pendente lite maintenance is a primary consideration *(see, e.g., Fagelbaum v Fagelbaum,* 115 AD2d 454; *Chachkes v Chachkes,* 107 AD2d 786; *Van Ess v Van Ess,* 100 AD2d 848) and the other factors which ordinarily govern the determination of permanent maintenance (Domestic Relations Law § 236 [B] [6] [a] [1]-[10]), such as the duration of the marriage, need not be considered on an application for pendente lite maintenance *(see, Strong v Strong,* 142 AD2d 810, 812; *Basch v Basch,* 114 AD2d 829; *Catania v Catania,* 111 AD2d 896).

Furthermore, the brevity of a marriage is not a factor which should be considered in isolation; more important than the temporal duration of a marriage is the extent to which that marriage caused either party to sacrifice his or her own economic independence in favor of marital interdependence *(see generally, Kobylack v Kobylack,* 110 Misc 2d 402, *mod on other grounds* 96 AD2d 831, *revd on other grounds* 62 NY2d 399). In the present case, an issue of fact exists as to whether, by giving up her former employment when she entered into this brief marriage relatively late in life, the defendant wife reduced whatever earning potential she might previously have

had. Considering this, among several other factors, including, most importantly, the parties' respective current abilities to be self-supporting (Domestic Relations Law § 236 [B] [6] [a] [2], [4]) we find that a significant increase in pendente lite maintenance is required to $175 per week.

We also believe that a proper exercise of discretion warrants an interim award of $3,500 to the attorneys for the defendant wife (Domestic Relations Law § 237 [a]; *Cook v Cook*, 95 AD2d 768, 769). In this respect, we have considered the financial circumstances of both parties, and the relative merits of each party's position *(see, De Cabrera v Cabrera-Rosete*, 70 NY2d 879, 881-882). The defendant's attorney's fees have been fully substantiated. These fees accurately reflect the time which the defendant's attorneys were reasonably required to consume in responding to the unduly voluminous affidavits submitted by the plaintiff's attorneys.

We also find that the Supreme Court improvidently exercised its discretion in granting certain provisional relief to the plaintiff husband. In his cross motion, the plaintiff demanded the immediate return to his possession of approximately 60 different items of personal property, including everything from a 1986 Toyota sedan to pruning shears. Even assuming that a prima facie showing has been made that these items constitute separate property, so that they may ultimately be returned to him, there was no showing as to why such relief is needed pendente lite. As noted above, the primary purpose of pendente lite relief is to prevent undue economic hardship from being placed upon a matrimonial litigant prior to trial. The Supreme Court also erred in enjoining the defendant wife from selling or encumbering "marital" property, since it is clear that the only significant asset within her control (her house) is primarily separate property *(see, Nebot v Nebot*, 139 AD2d 635). Furthermore, there was no proof, other than wholly conclusory allegations by the plaintiff, that the defendant was in fact "attempting or threatening to dispose of marital assets so as to adversely affect the [plaintiff's] ultimate rights in equitable distribution" *(Guttman v Guttman*, 129 AD2d 537, 539; *see also, Cohen v Cohen*, 142 AD2d 543). Mangano, J. P., Bracken, Kunzeman and Spatt, JJ., concur.