■ NICHOLAS RODRIGUEZ, Appellant, v GERALDINE RODRIGUEZ, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Westchester County (Charde, J.H.O.), dated September 5, 1989, which, *inter alia,* directed him (1) to pay to the defendant wife the entire balance in the parties' joint savings account, (2) to execute a deed conveying his entire interest in the parties' Puerto Rican condominium to the wife, and (3) to pay to the wife $10,300 in counsel fees pursuant to a pendente lite order of the same court, entered November 27, 1989.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

A review of the instant record leads us to the conclusion that the pendente lite award to the wife of $10,300 in counsel fees and expert fees is appropriate. The wife, as the moving party, set forth in detail (1) the nature of the marital property involved, (2) the difficulties involved in identifying and evaluating it, (3) the services rendered and to be rendered and an estimate of the time involved, and (4) her financial status *(see, Ahern v Ahern,* 94 AD2d 53). In opposing the wife's motion, the husband did not set forth any evidence regarding his own financial circumstances or the relative merits of his position *(cf., McCarthy v McCarthy,* 156 AD2d 346). Contrary to the

husband's assertion, this motion was not brought for the sole purpose of delaying the trial. Both parties agreed to permit the court to refer the issues in dispute to a Judicial Hearing Officer to hear and determine those issues.

Upon our review of the record we also find that the court equitably distributed the parties' property, taking into consideration the credible evidence adduced at trial and the factors enumerated in Domestic Relations Law § 236 (B) (5) (d). Bracken, J. P., Kooper, Miller and O'Brien, JJ., concur.