## (February 4, 1965)

JUNE WEINBERG, Respondent, v. LESTER WEINBERG, Appellant.— In a divorce action by a wife, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated November 17, 1964, which: (1) awarded to the wife $125 per week temporary alimony and a counsel fee of $2,500; (2) directed that the husband pay all carrying charges of the marital home and that he move therefrom; and (3) awarded possession of the marital home to the wife during the pendency of this action and until the further order of the court. Order modified on the law and the facts as follows: (1) by striking out its first and third decretal paragraphs, requiring the defendant to pay alimony and counsel fee *pendente lite*; (2) by substituting therefor three new decretal paragraphs providing: (a) that the issues of alimony and counsel fee are referred to the trial court for its determination upon the basis of the proof adduced at the trial; (b) that commencing as of October 26, 1964, the wife, for her support, is permitted to draw, at the rate of $125 weekly, upon the $15,000 fund in her possession; and (c) that the wife shall make a payment of $500 out of said fund to her attorney on account of counsel fee. As so modified, the order is affirmed, without costs. A wife who is able to support herself *pendente lite,* without substantially depleting her separate estate, should not be awarded alimony and counsel fee before trial. It is uncontradicted that the wife possesses $15,000 in cash and other assets; and that the husband has provided a fund of $17,000 for each of the two children of the parties. It appears that there is some question regarding the wife's right to use the $15,000 fund for her support, the husband contending that he deposited that amount in banks in the wife's name, for the purpose of investment only. The record contains the husband's sworn statement that the fund is " at the disposal of the plaintiff; " and the husband

urges, on appeal, that this fund enables the wife to sustain herself until the trial. For the present, we make no finding regarding the ultimate disposition of the balance of the fund remaining at the time of the trial. We hold only that, by urging that the fund be utilized *pendente lite*, the husband has waived any rights he may have had to assert title to the portion of the fund which will be consumed pursuant to this decision. The action should proceed to trial promptly. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.