■ JOHN F. BOGUT, Appellant, v. ARLENE A. BOGUT, Respondent.— In an action for divorce, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County, entered September 9, 1971, as awarded defendant temporary alimony, child support and a counsel fee. Order affirmed insofar as appealed from, with $10 costs and disbursements. We have repeatedly noted that the proper remedy for any seeming inequity in a temporary order for the payment of alimony and support based upon conflicting affidavits is a speedy trial. The facts as to the finances and standard of living of the parties can best be developed at that time (Tobias v. Tobias, 36 A D 2d 643; Lebovics v. Lebovics, 34 A D 2d 783). Rabin, P. J., Hopkins, Munder, Latham and Shapiro, JJ., concur.

■ OLIVER BRYANT et al., Plaintiffs, v. LLOYD C. BECKFORD et al., Defendants. LASCELLES BECKFORD, an Infant, by His Natural Father and Guardian, LLOYD BECKFORD, Plaintiff, and LLOYD BECKFORD, Appellant, v. ELLERY MITCHELL, Respondent.— In consolidated negligence actions to recover damages arising out of an automobile accident, plaintiff Lloyd Beckford appeals from an order of the Supreme Court, Kings County, dated November 12, 1971, which denied his motion to amend his complaint so as to include therein a cause of action for damage to his automobile. Order affirmed, without costs. The proffered excuse for the amendment sought is that appellant's attorney allegedly became aware for the first time of appellant's failure to assert his alleged $2,000 property damage claim on the eve of the trial, about 5½ years after appellant's complaint was served. In our opinion, in the light of the record herein, the Special Term did not abuse its discretion in finding the proffered excuse to be incredible and inadequate as a basis for granting the amendment. Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.