■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VELEZ, Appellant.—Judgment of the Supreme Court, Kings County, rendered October 8, 1974, affirmed (see *People v Allen,* 51 AD2d 748). Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. BENJAMIN ROSADO, Appellant, v NEW YORK STATE PAROLE BOARD et al., Respondents.—In a habeas corpus proceeding, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated June 19, 1975, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The right to a preliminary hearing as promptly as convenient after arrest, and to a revocation hearing within a reasonable time after the parolee is taken into custody, must be decided on a case by case basis (see *Matter of McLucas v Oswald,* 40 AD2d 311, app withdrawn 33 NY2d 639; see, also, *Morrissey v Brewer,* 408 US 471; cf. *Barker v Wingo,* 407 US 514). The record before us does not reveal any prejudice to petitioner as a result of the time lapse between his apprehension and the final hearing. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Titone, JJ., concur.

■ ANNA L. SOTO, Appellant, v RAFAEL SOTO, Respondent.—In a matrimonial action, plaintiff appeals from so much of a judgment of divorce of the Supreme Court, Kings County, entered June 18, 1975, upon defendant's default, as referred questions of child support and counsel fees to the Family Court. Appeal dismissed, without costs or disbursements. The portions of the judgment sought to be reviewed contain no reviewable determination; Special Term merely referred the issues of child support and counsel fees to the Family Court. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Hawkins, JJ., concur.

■ ROBERT A. THOMASES, Respondent, v JUDITH THOMASES, Appellant. —In an action for divorce, the defendant wife appeals from stated portions of an order of the Supreme Court, Rockland County, dated July 31, 1975, and from the failure of said order to contain certain provisions. Order affirmed insofar as appealed from, without costs or disbursements. Absent imminent distress incapable of being resolved prior to the trial, the remedy for any seeming inequity in a temporary order of alimony and allied relief is a speedy trial at which the rights of the parties may be fully determined (see *Dubowsky v Dubowsky,* 41 AD2d 769; *Bogut v Bogut,* 38 AD2d 829). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.

■ V. F. V. CONSTRUCTION COMPANY, INC., et al., Appellants, v WILLIAM E. KIRWAN, as Superintendent of the New York State Police, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to permit petitioners to inspect and to copy (1) the report of the investigation made by the State Police as to the cause of a certain fire and (2) the results of certain polygraph tests, petitioners appeal from a judgment of the Supreme Court, Westchester County, entered August 7, 1975, which denied the application. Judgment affirmed, with $50 costs and disbursements. In light of the record herein, it appears that the information sought to be disclosed constitutes part of investigatory files compiled for law enforcement purposes which, by virtue of section 88 (subd 7, par d) of the Public Officers Law, are exempt from availability for public inspection and copying. No case has been made out by petitioners for overruling that exemption (cf. *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117–119). Latham, Acting P. J., Margett, Christ, Shapiro and Titone, JJ., concur.