■ MARY R. DE ROSA, Appellant-Respondent, v JOHN DE ROSA, Respondent-Appellant.—In an action for separation, the parties cross-appeal from an order of the Supreme Court, Westchester County, entered August 31, 1978, which denied plaintiff's motion for an order of protection and awarded plaintiff temporary alimony and child support. Order affirmed, without costs or disbursements. "The remedy for any seeming inequity in this case is to proceed to a speedy trial (see *La Pommeray v La Pommeray,* 56 AD2d 838; *Margulies v Margulies,* 52 AD2d 567; *Thomases v Thomases,* 51 AD2d 753). A trial should be held without delay" (see *Schwartz v Schwartz,* 59 AD2d 905). Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.

■ ESSEX REAL ESTATE CORPORATION, Appellant, v CHARLES J. PILUSO et al., Respondents.—Appeal, as limited by appellant's brief, from so much of an order of the Supreme Court, Nassau County, dated May 24, 1978, as dismissed appellant's 26th cause of action, which seeks to impose liability against Charles J. Piluso on the basis of money lent, on the ground that it was time barred by the Virginia Statute of Limitations. Order affirmed insofar as appealed from, with $50 costs and disbursements. Special Term properly dismissed appellant's 26th cause of action on the ground that it was time barred by the applicable Virginia Statute of Limitations. The affidavit of defendant Charles J. Piluso, alleged by plaintiff to be an acknowledgment of the debt, was not sufficient to start the Statute of Limitations running anew because (1) it did not admit liability for a debt presently due, and (2) it was made to someone other than the creditor and was not shown to have been made with the intent to benefit the debtor or influence the creditor (see *Layman v Layman,* 171 Va 317; *Bickers v Pinnell,* 199 Va 444). We have considered appellant's other contentions and find them to be without merit. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.