■ MICHAEL C. THEA, Appellant, v SUSAN THEA, Respondent.—In a matrimonial action, plaintiff appeals from so much of an order of the Supreme Court, Westchester County, dated October 15, 1979, as granted the defendant temporary alimony in the amount of $600 per week retroactive to July 27, 1979, and directed the plaintiff to liquidate the accumulated arrears at the rate of $100 per week until fully paid. Order modified by decreasing the amount awarded as temporary alimony to $400 per week. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Given the wife's substantial resources, the age of the parties, the relative brevity of the marriage and the absence of any children of the union, we believe that the award of temporary alimony was excessive to the extent indicated herein (see *Mendelsohn v Mendelsohn,* 36 AD2d 952; *Weinberg v Weinberg,* 23 AD2d 569; *Walker v Walker,* 18 AD2d 684). We wish to note that our modification of the award of temporary alimony is not meant to signal any change in our general policy toward such matters (see, e.g., *De Rosa v De Rosa,* 68 AD2d 923; *Schwartz v Schwartz,* 59 AD2d 905; *Bogut v Bogut,* 38 AD2d 829), but rather, is predicated on the requirements of justice under the unusual facts and circumstances of this case (cf. *La Pommeray v La Pommeray,* 56 AD2d 838). Our modification of the award of temporary alimony is not intended to influence or otherwise affect the trial court in determining whether or in what amount permanent alimony should be awarded (see *Walker v Walker, supra*). This matter should proceed to trial without further delay. Rabin, J. P., Gulotta, Cohalan and Margett, JJ., concur.