■ DAVID HORN, Appellant-Respondent, v DEBRA HORN, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal, as limited by their notices of appeal and briefs, from (1) stated portions of an order of the Supreme Court, Nassau County, dated November 28, 1979, which, *inter alia,* awarded defendant temporary alimony in the amount of $100 per week and

child support in the amount of $75 per week, and (2) stated portions of a further order of the same court, dated February 20, 1980, which, *inter alia,* denied defendant's cross motion, *inter alia,* (i) for judgment on her counterclaim; (ii) to disqualify plaintiff's attorney; and (iii) to direct the production of certain documents at an examination before trial of a nonparty witness. Order dated November 28, 1979 modified, by eliminating therefrom the provision awarding $100 per week for the defendant's support and maintenance and adding a provision thereto denying defendant's application for temporary alimony. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Appeal by defendant from that part of the order dated February 20, 1980 which denied that branch of her motion which sought to disqualify plaintiff's attorney is dismissed as moot, without costs or disbursements. Order dated February 20, 1980 modified, by deleting from the next to the last paragraph thereof the words "Items A through H" and substituting therefor the words "Items A through I". As so modified, order affirmed insofar as appealed from, without costs or disbursements. The examination of Max Horn shall proceed at the place set forth in the order dated February 20, 1980, at a time to be fixed in a written notice of not less than 10 days, to be given by the defendant, or at such other time and place as the parties may agree. The time within which notice must be served is extended until 10 days after service upon the defendant of a copy of the order to be made hereon, together with notice of entry thereof. Given the wife's substantial resources (admittedly over $65,000 in liquid assets), we believe that it was error to award her temporary alimony at this time (see *Thea v Thea,* 75 AD2d 618; *Mendelsohn v Mendelsohn,* 36 AD2d 952). The requirements of justice mandate this result and we reiterate that a speedy trial is the surest way of correcting any inequities made in an award or denial of temporary alimony (cf. *Thea v Thea, supra).* Defendant appeals, *inter alia,* from that part of Special Term's order dated February 20, 1980 which denied her motion to disqualify plaintiff's attorney. Since the date of said order, however, a substitution of plaintiff's counsel has been effected, and plaintiff's new counsel has confirmed same in open court. In view of this representation, the issue of disqualification of counsel is now moot. We note that the referral in the order dated February 20, 1980 to "Items A through H" without inclusion of Item I was apparently an oversight on the part of Special Term, and we thus take this opportunity to correct the record by adding an additional item to the list of subjects upon which plaintiff's father, Max Horn, may be examined before trial. Titone, J. P., Mangano, Margett and Martuscello, JJ., concur.