■ ADRIENNE KALTENBACH, Appellant, v KURT KALTENBACH, Respondent. — In a matrimonial action, the plaintiff wife appeals, as limited by her notice of appeal and brief, (1) from stated portions of an order of the Supreme Court, Westchester County (Marasco, J.), dated July 31, 1981, which, *inter alia,* (a) awarded her maintenance and child support, *pendente lite,* in the total amount of $350 per week, on the ground of inadequacy, (b) denied the branch of her motion which sought to compel defendant to allow her the continued possession and use of a certain automobile, and (c) denied the branch of her motion which sought to compel defendant to pay the costs of repairing or replacing certain household items; and (2) from so much of a further order of the same court, entered September 15, 1981, as, upon reargument, adhered to the original determination. Appeal from the order dated July 31, 1981 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order entered September 15, 1981 modified by (1) increasing the amount allocated therein as maintenance for plaintiff from $125 per week to $300 per week and increasing the amount allocated as support for the three children in her custody from $75 per week per child to $100 per week per child, and (2) adding a provision directing defendant to furnish plaintiff a suitable automobile for her use. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Under the circumstances disclosed by this record, the maintenance and child support awards were inadequate to the extent indicated herein. Given the husband's substantial resources and the financial needs of the wife and the children in her custody, modification is required. Our modification is not intended to influence or affect any final determination to be made by the trial court, nor should it be interpreted as a change in our general policy favoring resolution of such issues at trial rather than on appeal (cf. *Horn v Horn*, 76 AD2d 826). The increase indicated herein is predicated on the facts and circumstances of this case (cf. *Seletsky v Seletsky*, 87 AD2d 648; *Thea v Thea*, 75 AD2d 618). Plaintiff's request for possession and use of a Checker automobile which she had previously used was properly denied. The parties acknowledge that this particular vehicle was owned by a company in which defendant has a substantial interest. However, Special Term should have directed defendant to provide a suitable automobile for plaintiff's use (see *Troiano v Troiano*, 87 AD2d 588;

*Goldin v Goldin,* 55 AD2d 945). Damiani, J. P., Lazer, Gibbons and Rubin, JJ., concur.