■ NAOMI REISS, Appellant-Respondent, v JEROME REISS, Respondent-Appellant.—In an action for a divorce and ancillary relief, the plaintiff wife appeals from so much of an order of the Supreme Court, Nassau County (Diamond, J.), dated December 5, 1988, as limited her award of temporary maintenance to the sum of $1,000 per week, denied that branch of her motion which was to restrain the defendant's law firm from disposing of marital assets pendente lite and granted that branch of the defendant's cross motion which was to direct the plaintiff to pay the carrying charges on the marital residence. The defendant husband cross-appeals from so much of the same order as granted that branch of the plaintiff's motion which was to disqualify his counsel and denied that branch of his cross motion which was to restrain the plaintiff from disposing of marital assets pendente lite.

Ordered that the order is modified by deleting the provision granting that branch of the defendant's cross motion which was to direct the plaintiff wife to pay all carrying charges on the marital residence and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff wife. The stay of enforcement of so much of the order as disqualified the defendant's counsel, which was granted by this court on January 18, 1989, is hereby vacated.

Although we find no impropriety in the pendente lite maintenance award of $1,000 per week, the record indicates that the defendant husband has sufficient income and is in a better financial position to pay the carrying charges on the marital residence pending final resolution of the economic issues encompassed herein. Modification of the order appealed from is, therefore, warranted *(see, Stern v Stern,* 106 AD2d 631; *Blasco v Blasco,* 99 AD2d 747; *Kaltenbach v Kaltenbach,* 88 AD2d 582). The remedy for any further alleged inequities in the pendente lite award is a speedy trial, at which time a

more detailed examination of the facts and financial circumstances of the parties may be conducted (see, Berger v Berger, 125 AD2d 285; Chosed v Chosed, 116 AD2d 690; Jorgensen v Jorgensen, 86 AD2d 861).

Additionally, we find that the plaintiff wife has sufficiently demonstrated that disqualification of the defendant's counsel is necessary in view of the likelihood that partners in the law firm will be called to give testimony at trial concerning, inter alia, the defendant's financial interest in the law firm and his alleged status as a guarantor of the law firm's debts. Accordingly, disqualification of the law firm was appropriate (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446). We note, moreover, that facts regarding the alleged dissolution of the law firm, alluded to by the defendant in his brief to support his contention that the disqualification issue has been rendered moot, are dehors the record and may not be considered on this appeal.

We have examined the parties' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Eiber and Sullivan, JJ., concur.