■ In the Matter of JACK NOAH, Respondent, v SHOSHANA FELD, Appellant. (Proceeding No. 1.) In the Matter of SHOSHANA FELD, Appellant, v JACK NOAH, Respondent. (Proceeding No. 2.) [9 NYS3d 671]—

Appeal from an order of the Family Court, Nassau County (Julianne T. Capetola, J.), dated March 13, 2014. The order denied the mother's objections to an order of that court (Diane M. Dwyer, S.M.) dated December 19, 2013, which, after a hearing, recalculated the father's child support obligation so as to award the mother child support in the sum of $400 per week, consisting of $302.69 per week for basic child support, $55.29 per week for child care costs, and $42.02 per week for educational expenses, plus 46% of unreimbursed health related expenses, and did not award the mother child support arrears.

Ordered that the order dated March 13, 2014, is modified, on the law and the facts and in the exercise of discretion, by deleting the provision thereof denying the mother's objection to so much of the order dated December 19, 2013, as recalculated the father's child support obligation so as to award her the sum of $42.02 per week for educational expenses, and substituting therefor a provision granting that objection and vacating the provision of the order dated December 19, 2013, which awarded the mother the sum of $42.02 per week for educational expenses; as so modified, the order dated March 13, 2014, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new determination of the father's 46% pro rata share of educational expenses, exclusive of child care costs, and for a calculation of

any arrears of the father's child support obligation which have accrued retroactive to January 1, 2013; and it is further,

Ordered that pending that new determination, the father shall continue to pay the total sum of $400 per week for basic child support, child care costs, and educational expenses.

Pursuant to stipulations entered into by the parties in 2010, the parties agreed that the father would pay $400 per week in child support, inclusive of child care and health care expenses, and on January 1, 2013, the child support obligation "shall be recalculated and a determination . . . made as to the dollar amount to be paid by each party representing their percentage or pro rata share of child care or child care substitute, Yeshiva, and health care costs," retroactive to January 1, 2013. The stipulations did not merge in the judgment of divorce.

On or about January 1, 2013, the father and the mother filed petitions seeking to modify the child support obligation effective January 1, 2013. After a hearing, the Support Magistrate directed the father to pay $400 per week in child support, plus 46% of unreimbursed health related expenses. The $400 payment consisted of $302.69 in basic child support, $55.29 in child care costs, and $42.02 in educational expenses. In the order appealed from, the Family Court denied the mother's objections. The mother appeals, claiming, inter alia, that the Support Magistrate improperly granted the father a downward modification of his child support obligation, without establishing a substantial change in circumstances, and failed to properly calculate the father's obligation with regard to educational expenses.

Contrary to the mother's assertion, the Support Magistrate did not downwardly modify the father's child support obligation, but rather recalculated his child support obligation as provided for by the parties' stipulations. The father was not required to establish a change in circumstances, as the parties agreed, by contract, to recalculate the support obligation anew as of January 1, 2013 (see Heller v Heller, 43 AD3d 999, 1000 [2007]).

Pursuant to the terms of the stipulations, the parties contemplated that the father would pay his pro rata share of educational expenses (cf. Matter of Amos-Richburg v Richburg, 94 AD3d 1112, 1113 [2012]). In calculating the father's pro rata share of these expenses, the Support Magistrate should have included the sum of both children's educational expenses for the entire school year. However, the Support Magistrate included only the sum of $4,750 in making this calculation, which was the amount that the mother testified she had paid

thus far toward one of the children's tuition for the 2013-2014 school year. Although the mother submitted invoices indicating that the educational expenses for both children were more than $14,000 per year, it appears that those invoices included child care expenses attributable to "extended-day" services. Therefore, we vacate the award for educational expenses and remit the matter to the Family Court, Nassau County, to recalculate the father's 46% pro rata share of educational expenses, exclusive of child care expenses, and any arrears of the father's child support obligation which have accrued retroactive to January 1, 2013. Pending that new determination, the father shall continue to pay the total sum of $400 per week for basic child support, educational, and child care expenses.

The mother's remaining contentions are without merit. Rivera, J.P., Cohen, Hinds-Radix and Barros, JJ., concur.