Matter of Hogan v Max (2021 NY Slip Op 07316)





Matter of Hogan v Max


2021 NY Slip Op 07316


Decided on December 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2020-07005 ON MOTION
 (Docket No. O-2449-18)

[*1]In the Matter of Clayton J. Hogan, appellant,
v
Gavriella C. Max, respondent.


Cheryl Charles-Duval, Brooklyn, NY, for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of the Family Court, Queens County (Robert D. Mulroy, J.), dated August 24, 2020. The order, without a hearing, granted that branch of the mother's motion which was pursuant to CPLR 3211(a)(7) to dismiss the family offense petition for failure to state a cause of action, and dismissed the petition. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the motion of Cheryl Charles-Duval for leave to withdraw as counsel for the appellant is granted, and she is directed to turn over all papers in her possession to the appellant's new counsel assigned herein; and it is further,
ORDERED that Linda C. Braunsberg, 370 Powell Street, Suite 2, Staten Island, NY, 10312, is assigned as counsel to prosecute the appeal; and it is further,
ORDERED that new counsel shall serve and file a brief on behalf of the appellant within 90 days of this decision and order on motion, and the respondent shall serve and file her brief within 30 days after the brief on behalf of the appellant is served and filed. By prior decision and order on motion of this Court dated December 28, 2020, the appellant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers, including a certified transcript of the proceedings, and on the briefs of the parties. The parties are directed to upload, through the digital portal on this Court's website, digital copies of their respective briefs, with proof of service of one hard copy on each other (see 22 NYCRR 670.9[a]).
The brief submitted by the father's assigned counsel pursuant to Anders v California (386 US 738) is deficient in that it fails to analyze potential appellate issues, with reference to the facts of the case and relevant legal authority. Assigned counsel's contention that the appeal is academic is based on evidence dehors the record and therefore is not considered (see Heller v Trustees of E. Hampton, 166 AD2d 554, 555; Reiss v Reiss, 153 AD2d 846, 847). Since the brief does not demonstrate that assigned counsel fulfilled her obligations under Anders v California, we must assign new counsel to represent the appellant (see Matter of Cameron McC. [Alicia S.], 112 AD3d 939; Matter of Giovanni S. [Jasmin A.], 89 AD3d 252, 258).
RIVERA, J.P., MALTESE, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court