Toporoff v Galli (2025 NY Slip Op 05548)

Toporoff v Galli

2025 NY Slip Op 05548

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DONNA-MARIE E. GOLIA, JJ.

2021-03868
 (Index No. 56780/13)

[*1]Ruth Toporoff, et al., appellants,
v
Suzanne Galli, et al., respondents.

Fasulo Giordano & DiMaggio, LLP, New York, NY (Louis V. Fasulo and Michael Giordano of counsel), for appellants.
Julia Aryeh, Bedford, NY, for respondents.

DECISION & ORDER
In an action to recover damages for private nuisance and for injunctive relief, the plaintiffs appeal from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated April 7, 2021. The order, insofar as appealed from, denied that branch of the plaintiffs' motion which was to hold the defendants in civil contempt for violating certain provisions of a so-ordered stipulation of settlement dated July 27, 2016, and, in effect, granted that branch of the defendants' cross-motion which was to direct the Town of Bedford Zoning Board of Appeals to issue an amended variance grant in accordance with its recommendation dated July 30, 2020.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs and the defendants owned neighboring properties located in the Town of Bedford. In 2013, the plaintiffs commenced this action to recover damages for private nuisance and for injunctive relief against the defendants, alleging that the defendants had created a nuisance by storing horse manure near the property line across from which the plaintiffs resided. On July 27, 2016, the plaintiffs and the defendants executed a so-ordered stipulation of settlement (hereinafter the stipulation) to resolve this action. The stipulation required the defendants to submit to the Town of Bedford Zoning Board of Appeals (hereinafter the ZBA) an amended plot plan so that the ZBA could issue an amended variance.
The defendants submitted an amended plot plan to the ZBA that the plaintiffs claimed did not comport with the stipulation. The plaintiffs also objected to two subsequent amended plans submitted by the defendants for the same reason.
Thereafter, by order to show cause signed on June 15, 2020, the plaintiffs moved, inter alia, to hold the defendants in civil contempt, alleging that the defendants had listed their property for sale without ever submitting to the ZBA an amended plot plan that comported with the terms of the stipulation. In an interim order dated June 18, 2020, the Supreme Court, among other things, directed the parties to advise the court if they authorized it to determine which plot plan was to be adopted by the ZBA and, if the parties agreed, to submit their final amended plot plans to the court. The parties agreed to those terms and submitted their proposed plot plans.
The Supreme Court submitted the defendants' proposed plan to the ZBA, which determined in a letter dated July 30, 2020, that the plan conformed to the stipulation in all but one respect. The ZBA recommended accepting the defendants' plan with the modification that the fencing along a certain road be moved at least five feet inside the property line and that the fences shall conform to the Town Code.
The defendants cross-moved, inter alia, to direct the ZBA to issue an amended variance grant in accordance with its recommendation dated July 30, 2020. The plaintiffs opposed the cross-motion.
In an order dated April 7, 2021, the Supreme Court, among other things, denied that branch of the plaintiffs' motion which was to hold the defendants in civil contempt and, in effect, granted that branch of the defendants' cross-motion which was to direct the ZBA to issue an amended variance grant in accordance with its recommendation dated July 30, 2020, by directing the defendants to amend their proposed plot plan with respect to the location of fencing and to submit that amended plan (hereinafter the ordered plan) to the ZBA, and directing the ZBA to issue a variance grant in accordance with the ordered plan. The plaintiffs appeal.
A motion to punish a party for civil contempt is addressed to the sound discretion of the court (see Colon v Crespo, 223 AD3d 645, 646). "To prevail on a motion to punish for civil contempt, the movant must establish by clear and convincing evidence: '(1) that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) that the party against whom contempt is sought disobeyed the order, (3) that the party who disobeyed the order had knowledge of its terms, and (4) that the movant was prejudiced by the offending conduct'" (Heffer v Krebs, 196 AD3d 684, 685, quoting Spencer v Spencer, 159 AD3d 174, 177). "The movant can show prejudice where the actions of the alleged contemnor were calculated to or actually did defeat, impair, impede, or prejudice the rights or remedies of a party" (Madigan v Berkeley Capital, LLC, 205 AD3d 900, 905 [internal quotation marks omitted]). Here, since the plaintiffs failed to demonstrate that the conduct of the defendants defeated, impaired, impeded, or prejudiced their rights or remedies, the Supreme Court properly denied that branch of the plaintiffs' motion which was to hold the defendants in civil contempt (see id.).
"A stipulation of settlement is a contract between the parties thereto and, as such, is subject to principles of contract interpretation" (Bernstein v Frazer, 211 AD3d 899, 900; see Brad H. v City of New York, 17 NY3d 180, 185; Donaldson Interiors, Inc. v F.J. Sciame Constr. Co., Inc., 188 AD3d 816, 817). Contrary to the plaintiffs' contention, the Supreme Court did not improperly modify the stipulation by directing the ZBA to issue a variance grant in accordance with the ordered plan, which comported with the terms of the stipulation (see Matter of Noah v Feld, 128 AD3d 1071, 1072).
The defendants' contention that the appeal from the order is academic is based on evidence dehors the record and, therefore, has not been considered (see Matter of Wyche v Haywood-Diaz, 206 AD3d 748, 749; Matter of Hogan v Max, 200 AD3d 1016, 1017).
CHAMBERS, J.P., CHRISTOPHER, FORD and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court